UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| MODERN HOLDINGS, LLC, GAY BOWEN, GREENLEAF PLANT FOOD WHOLESALE, INC., and BOBBIE LEMONS<br><br>    Plaintiffs,<br><br>v.<br><br>CORNING INCOPORATED, KONINKLIJKE PHILIPS, N.V., and PHILIPS ELECTRONICS NORTH AMERICA CORPORATION,<br><br>    Defendants. | Civil No.: 13-405-GFVT<br><br>**MEMORANDUM ORDER & OPINION** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Before the Court for consideration are Plaintiffs' objections [R. 148, 151] to Magistrate Judge Atkins' Order to enter a *Lone Pine* case management order and to bifurcate discovery. [R. 146.] The Court will first offer a brief explanation of the action's current procedural posture and will address the applicable standard of review. The Court will then turn to the objections. For the sake of clarity, the Court will consider the Plaintiffs' objections in the order in which they appear in Plaintiffs' Memorandum in Support of Motion to Reconsider and/or Objections to Magistrate Judge's September 28, 2015 Order. For the various reasons offered in Section II of this Opinion, below, the Court will **DENY** the Plaintiffs' objections.

**I**

The Court first encountered this case in December 2013, shortly after the Complaint was filed. [*See* R. 17.] Over the course of the past two years, the parties have litigated the case failing to even ready the discovery phase of the process. This Court and the designated Magistrate

Judge have considered motions for restraining orders, multiple motions to dismiss, two amendments to the complaint, and more. In May 2015, the Court issued its Order for Report of Parties' Planning Meeting [R. 122], with which the parties complied and filed a Joint Report of Rule 26(f) Planning Meeting on June 22, 2015. [R. 123.] Subsequently, the Court issued a Scheduling Order in line with the parties' Joint Report. [R. 124.]

After the Scheduling Order was issued, Defendant Philips Electronics moved for the entry of a *Lone Pine* case management order. *Lone Pine* orders, so called for the 1986 *Lore v. Lone Pine* case, 1986 WL 637507, No. L-33606-85 (N.J. Super. Ct. 1986), are pre-discovery orders used to handle the complex issues and burdens on defendants and the court in mass tort lawsuits. In the federal system, these orders are issued "under the wide discretion afforded district judges over the management of discovery under Fed. R. Civ. Pro. 16." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Magistrate Judge Edward B. Atkins, tasked with facilitating discovery in the matter at hand, held a scheduling conference on July 7, 2015, where the Defendant's *Lone Pine* motion was discussed. All parties were subsequently allowed to brief the issues. [R. 129.] Defendant Corning, Inc. then moved to join Defendant Philips' *Lone Pine* motion. After considering the full briefing, complete with sur-reply, of both parties, Magistrate Judge Atkins issued an Order providing for the entry of a *Lone Pine* case management order and for the bifurcation of discovery following the *Lone Pine* phase. [R. 146.] Plaintiffs now request the Court to reconsider and vacate the Order.

Where the Court designates a magistrate judge to facilitate discovery and other non-dispositive matters, the magistrate has broad discretion. While the Court can reconsider the magistrate's orders, the Court's standard of review is deferential. 28 U.S.C. § 636(b)(1)(A)

allows a district court to "designate a magistrate to hear *and determine* any pretrial matter pending before the court" (emphasis added). "When a magistrate judge determines a non-excepted, pending pretrial matter, the district court has the authority to "reconsider" the determination, but under a limited standard of review." *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) (citing 28 U.S.C. § 636(b)(1)(A)). Pursuant to Federal Rule of Civil Procedure 72(a), the Court will set aside or modify the Magistrate Judge's Order only if the Court finds that at least a portion of the Order is "clearly erroneous or contrary to law." Fed. R. Civ. Pro. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

## II

### A

The Court considers each of the Plaintiffs' objections to the Magistrate Judge's Order in turn. To begin, Plaintiffs argue that Defendants waived their right to seek entry of a *Lone Pine* order by failing to raise the issue prior to the Magistrate's entry of a scheduling order. [R. 148-1 at 4.] Plaintiffs explain that, while the parties were unable to agree on the proper scope of formal discovery, the parties did agree with a discovery commencement date of July 1, 2015. [*Id.* at 5.] Plaintiffs take issue with the fact that Defendant Philips did not propose a *Lone Pine* order when the parties held their Rule 26 conference or when the Court entered its Order for the Parties' Planning Meeting and Report. Plaintiffs argue that Federal Rule of Civil Procedure 26(f) requires Defendants to raise a *Lone Pine* issue, or, presumably, any other discovery issues, at or prior to the parties' Rule 26(f) meeting. [*Id.* at 5-6.]

3

The Court recognizes, as Defendant points out, that the parties' Joint Report of Rule 26(f) Planning Meeting was filed on June 22, 2015 [R. 123], while the Defendant's motion for a *Lone Pine* order was not filed until July 2, 2015. [R. 127.] Plaintiffs, however, cite no specific rule or case law mandating that parties raise all possible discovery issues at the Rule 26(f) meeting or else waive the unraised issues. Although *Lone Pine* case management was not discussed at the parties' 26(f) meeting, Plaintiffs were given an opportunity to brief the issue before the Court in response to Defendant's motion, and both parties appeared before the Court for a scheduling conference. [R. 129.] While it may have been good practice to raise the issue of *Lone Pine* case management at the Rule 26(f) meeting, Plaintiffs have had numerous other opportunities to express their views on the matter. In light of this, the Court does not find the lack of discussion at the Rule 26(f) meeting to be fatal to the Magistrate Judge's Order.

**B**

Plaintiffs' next objection argues that the Magistrate Judge's Order is clearly erroneous "because it contradicts prior rulings of the Court that clearly state Plaintiffs had adequately plead [sic] their claims and are entitled to discovery." [R. 148-1 at 6.] Essentially, Plaintiffs rest on this Court's previous orders in response to various motions to dismiss to counter a specific statement made by the Magistrate Judge. The statement in question—"Plaintiffs have yet to adequately allege prima facie cases to support all of their property damage and personal injury claims" [R. 146 at 5]—is vehemently denied by Plaintiffs, who argue that this Court has previously stated the contrary.[1] Plaintiffs believe the choice to enter the *Lone Pine* order hinged

---

[1] For example, Plaintiffs cite the following statements in the Court's Memorandum of Opinion and Order in response to Defendants' motions to dismiss: "Taken as true, the health issues cited by plaintiffs demonstrate that the concentration of these substances was not insignificant and was plausibly hazardous; [R. 110 at 11]; and "[I]t can be reasonably inferred from Plaintiffs' allegations—particularly those

4

solely on the Magistrate's erroneous understanding of Plaintiffs' pleadings.

The Court does not believe that the Magistrate's Order was based on the above statement alone. Conversely, the Order offers several additional bases for why a *Lone Pine* order is warranted. Those bases have no relationship to the adequacy of Plaintiffs' pleadings. For example, *Lone Pine* case management could "promote a quicker resolution by narrowing and grouping the issues upon discovery" [R. 4]; the order will "save costs and preserve resources for both the parties and the Court over the long term" [*Id.*]; "the claimants' types and locations of injuries are numerous and diverse" [*Id.* at 5]; and "the need for case management is particularly apparent where the alleged injuries span entire decades of Defendants' Facility operations." [*Id.*] Even if the Magistrate Judge did somehow misunderstand the Plaintiffs' property damage and personal injury allegations, the Order on the whole demonstrates several different rationales and potential benefits of a *Lone Pine* order and the later bifurcation of discovery. Therefore, the Court cannot find that the Magistrate's Order is clearly erroneous.

### C

Plaintiffs next object to the Magistrate Judge's Order on the basis that no law in the Sixth Circuit justifies the entry of a *Lone Pine* order in the case at hand. [*Id.* at 8.] Plaintiffs criticize the Magistrate Judge's Order for failing to cite any supportive law from the Sixth Circuit. However, Plaintiffs themselves do not offer any authority from the Sixth Circuit to suggest that the Magistrate's imposition of a *Lone Pine* order in this situation is clearly erroneous. Ironically, Plaintiffs quote an opinion from the Southern District of Indiana, which is not binding law over this Court. [R. 148-1 at 9.] Though traditional discovery tools may often be preferable, *Lone*

---

relating to restoration costs and the loss of the use of groundwater—that some permanent damage to the land may have occurred as a result of the presence of these substances." [*Id.* at 10-11.]

5

*Pine* orders are a valid option that the Court has discretion to impose. *See* Fed. R. Civ. Pro. 16(c)(2)(L) (explaining that courts are able to adopt "special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions or unusual proof problems").

Plaintiffs also argue that the Magistrate Judge's Order fails to consider the recent Eastern District of Kentucky decision *Manning v. Arch Wood Prot., Inc.*, 40 F. Supp. 3d 861 (E.D. Ky. 2014). Although Plaintiffs do not analogize their case to the *Manning* case, they seem to imply that, because in *Manning* Magistrate Judge Smith denied a *Lone Pine* request, Judge Atkins' issuance of a *Lone Pine* order in this case was in error. It is true that the Magistrate Judge's Order did not analyze or otherwise mention *Manning*. However, this Court finds that *Manning* is distinguishable from the matter at hand in a key way: *Manning* involved only six plaintiffs and six defendants. 40 F. Supp. 3d at 865. The *Manning* court noted its particular hesitancy to impose a *Lone Pine* order for a suit with such a small number of parties, citing cases that involve hundreds of plaintiffs as better fits for *Lone Pine* case management. *Id.* In the case before the Court, Plaintiffs seek a class action, with a proposed class broad enough to include four subclasses. [R. 116 at 6-7.] As the Magistrate's Order notes, "the claimants' types and locations of injuries are numerous and diverse, [and] the need for case management is particularly apparent where the alleged injuries span entire decades of Defendants' Facility operations." [R. 146 at 5.] The difference in the number of involved parties and the extent of alleged injuries make this case fundamentally distinct from *Manning*, and the Court cannot find that the Magistrate Judge's failure to analyze and/or apply *Manning* makes the Order clearly erroneous.

6

**D**

Plaintiffs further allege that the Magistrate Judge's Order imposes the *Lone Pine* order as a punitive measure, based on the Plaintiffs' alleged failure to move forward with their claims. First, Plaintiffs argue that there has been no opportunity to refuse compliance with discovery, as discovery has yet to begin. Second, Plaintiffs again assert that this Court's orders regarding prior motions to dismiss constitute a "rul[ing] that Plaintifffs have sufficiently alleged a prima facie case with regard to each of their claims . . . ." [R. 148-1 at 11.]

As explained above, the Magistrate's Order offers several, rather than simply one, bases for issuing a *Lone Pine* order. There is no evidence that the *Lone Pine* order or bifurcation of discovery is intended solely—or even partly—as a punitive measure. All potential causes for the delay aside, neither party can deny that the case at hand is approaching its two-year anniversary on the docket. And while lengthy pretrial practice is not necessarily unbefitting in a complex civil litigation case, the Court does express its interest in efficient case management and the preservation of resources—for all Plaintiffs, Defendants, and the Court. Accordingly, the Court agrees with the Magistrate's decision to impose a *Lone Pine* order and to bifurcate discovery, in hopes of facilitating case management going forward.

**E**

Finally, Plaintiffs object to the Magistrate Judge's Order on the basis that compliance will present "a significant and unfair hurdle for Plaintiffs without at least some discovery from Defendants." [R. 148-1 at 12.] Specifically, Plaintiffs assert a need for "the Defendants' historical information regarding the Hazardous Substances emitted" to even be able to comply with the *Lone Pine* order. [*Id.* at 12-13.] Based on his review of the record, however, the

7

Magistrate Judge did not believe a pre-discovery *Lone Pine* order would prejudice those plaintiffs who have potentially meritorious claims. Instead, the Magistrate Judge reasoned that "there is no one currently in as great a position to offer evidence regarding the strength of their claims as the Plaintiffs themselves," and this Court agrees.

After a thorough review of the Case Management Order [R. 147], the Court concludes that the affidavits required under the *Lone Pine* order are neither prejudicial nor impossible for Plaintiffs to obtain. For personal injury plaintiffs, the Order requires an affidavit explaining (a) the specific illness sustained; (b) the date of diagnosis and information about the medical provider making the diagnosis; (c) the toxic chemical that allegedly caused the illness, with information about the manner, pathway, dates, duration, and dose of exposure; and (d) the scientific literature supporting a link between the plaintiff's illness and the described chemical exposure. [R. 147 at 1-2.] This general factual information is similar to that which is required for filing a complaint in the first place. *See* Fed. R. Civ. Pro. 11(b)(3). The affidavit required for property damage plaintiffs similarly includes information to which individual plaintiffs should already be privy: (a) the property address for the property alleged to have declined in value; (b) the property address for the property alleged to have been contaminated, including details about where and when the contaminant was located; and (c) the degree of alleged diminution in property value. [R. 147 at 3.]

Like the Fifth Circuit Court of Appeals expressed in the well-cited case *Acuna v. Brown & Root Inc.*, "[e]ach plaintiff should have had at least some information regarding the nature of his injuries, the circumstances under which he could have been exposed to harmful substances, and the basis for believing that the named defendants were responsible for his injuries" in order

8

to join in the suit in the first place. 200 F.3d 335, 340 (5th Cir. 2000). This Court does not believe the Magistrate Judge's Case Management Order unduly deprives Plaintiffs of needed discovery. As the Magistrate Judge's Order expresses multiple times, the *Lone Pine* order in this case will not circumvent discovery opportunities altogether, but will rather focus the issues for all parties before full discovery proceeds.

### III

As mentioned at the outset, the Court will set aside or modify a Magistrate Judge's non-dispositive order only if the order is "clearly erroneous or contrary to law." Fed. R. Civ. Pro. 72(a). After careful consideration, the Court does not find the Magistrate Judge's Order to be clearly erroneous or contrary to law in this case. In light of the limited standard of review used to evaluate the Order, *see Massey*, 7 F.3d at 509, and the variety of benefits the Magistrate Judge believed a *Lone Pine* order and later bifurcation of discovery would bring to the case, the Court upholds the Magistrate Judge's decision. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED**:

1. The Plaintiffs' Motion for Reconsideration [R. 151] is **DENIED**;

2. Plaintiffs shall be given **ninety (90) days**, rather than sixty, to comply with the *Lone Pine* phase of discovery instituted by the Magistrate Judge. With the exception of this time extension, the parties are directed to move forward in full accordance with the Magistrate Judge's Order [R. 146] and Case Management Order [R. 147];

3. The Plaintiffs' other pending motions [R. 149; R. 152] are **DENIED AS MOOT**.

This 27th day of October, 2015.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge