# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| MODERN HOLDINGS, LLC, GREENLEAF PLANT FOOD WHOLESALE, INC., ROSETTA FORD, GARY FORD, CHARLES FORD, OTIS FORD, BOBBIE LEMONS AND GAY BOWEN<br><br>    Plaintiffs,<br><br>V.<br><br>CORNING INCORPORATED, a New York Corporation<br><br>AND<br><br>PHILIPS ELECTRONICS NORTH AMERICA CORPORATION, a Delaware Corporation<br><br>    Defendants | Civil Action No. 5:13-cv-00405-GFVT<br><br><br><br>**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE FIFTH AMENDED COMPLAINT** |

The Plaintiffs Modern Holdings, LLC, Greenleaf Plant Food Wholesale, Inc., Rosetta Ford, Gary Ford, Charles Ford, Otis Ford, Bobbie Lemons, and Gay Bowen, on behalf of themselves and others similarly situated (collectively the "Plaintiffs"), through counsel, pursuant to Rules 15, 20, and 21 of the Federal Rules of Civil Procedure, respectfully submit this Memorandum In Support Of Plaintiffs' Motion For Leave To File Fifth Amended Class Action Complaint against Philips Electronics North America Corporation ("Philips"), and Corning Incorporated ("Corning") (collectively "Defendants") for the purpose of adding eighty-four additional Plaintiffs (the "Proposed Plaintiffs"). The Proposed Fifth Amended Class Action

Complaint is attached to Plaintiffs' Motion seeking leave as <u>Exhibit</u> <u>A</u>. For their Memorandum, the Plaintiffs respectfully state as follows:

**INTRODUCTION**

This case has been pending before the Court since 2013. During that time, the Parties have engaged in discovery relevant to class certification and the briefing of the Plaintiffs' Motion Seeking Class Certification. By non-final Order dated March 29, 2018, this Court denied the Plaintiffs' Motion Seeking Class Certification. [DE 291]. Plaintiffs now seek leave of Court to file a Fifth Amended Complaint for the purpose of adding eighty-four additional Plaintiffs asserting claims that are substantially similar to those of the named Plaintiffs, and which arise from the same occurrences.

Specifically, the Proposed Plaintiffs are individuals who contacted and engaged undersigned counsel during the pendency of this litigation, which from its outset sought to protect their rights as members of the Proposed Classes. As such, it was not previously necessary to add the Proposed Plaintiffs as Named Class Members. Now that class certification has been denied, the only manner by which the rights of the Proposed Plaintiffs can be vindicated is to permit the filing of the Fifth Amended Complaint. The individuals Plaintiffs seek to join are victims of the same scheme alleged to have been perpetuated by the Defendants, have the same causes of action as the Named Plaintiffs, and are all represented by undersigned counsel. They have interests identical to the Named Plaintiffs in this case.

Plaintiffs submit that the Court should permit the filing of the Fifth Amended Complaint for the purpose of joining the Proposed Plaintiffs named therein because leave to amend Complaints is to be freely granted, because Plaintiffs have not engaged in any bad faith or dilatory conduct, and because the proposed amendment does not result in the addition of any new

claims or otherwise prejudice Defendants.  In addition, permissive joinder under FRCP 20 is appropriate when claims arise from the same occurrences and share common facts, and under FRCP 21 leave to add parties to pending litigation is to be freely granted.

Plaintiffs respectfully request that the instant Motion be granted and that the Proposed Fifth Amended Complaint attached as Exhibit A to the Plaintiffs' Motion seeking leave to amend be filed in the record of this action.

**ARGUMENT**

I.  **LEAVE TO FILE AN AMENDED COMPLAINT IS TO BE FREELY GRANTED.**

Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Rule further provides that "[t]he court should freely give leave when justice so requires." Id. Leave to amend should freely be given as long as the amended pleading does not involve (1) undue delay; (2) bad faith; (3) repeated failure to cure deficiencies in previous amendments; (4) undue prejudice to the opposing party; or (5) futility of amendment. Meave v. Rincon Mexicano, Inc., 2014 U.S. Dist. LEXIS 92884, at *1 (E.D. Ky. July 9, 2014)(citing Foman v. Davis, 371 U.S. 178 (1962)); see also Foman, 371 U.S. at 182 ("Rule 15(a)(2) favors granting leave to amend to allow a plaintiff an opportunity to test his claim on the merits.").

"A liberal, pro-amendment ethos dominates the intent and the judicial construction of Rule 15 (a)." 3 James Wm. Moore et al., Moore's Federal Practice, §15.14[1] (3d ed. 1997). The Supreme Court has interpreted this statement in Rule 15(a) to mean that "[i]n the absence of any apparent or declared reason – … – the leave sought should, as the rules require, be "freely given." Id. (citing Hahn v. Star Bank, 190 F.3d 708, 715 (6th Cir. 1999). "In general, the Sixth Circuit is 'very liberal' in permitting amendments." In re Cardizem CD Antitrust Litig., 2000 U.S. Dist. LEXIS 18840 at *6 (Sept. 20, 2000 E.D. Mich.) (internal citations omitted). The District Court has discretion as to whether to permit an amendment. Gen. Elec. Co. v. Sargent & Lundy, 916 F.2d 1119, 1130 (6th Cir. 1990) (citing Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-32 (1971)); however that discretion is limited by Fed. R. Civ. P. 15(a)'s liberal amendment policy. Id. (citing Marks v. Shell Oil Co., 830 F.2d 68, 69 (6th Cir. 1987)). As the threshold for motions to amend is low, a court ordinarily should not deny a motion for leave to amend absent a showing of prejudice to the nonmovant. See, e.g., Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998). See also, e.g., Liberty Mut. Ins. Co. v Hurricane Logistics Co., 216 F.R.D. 14, 16 (D.C. Cir. 2003) (noting that while a grant or denial of leave to amend is committed to the discretion of the District Court, the Court must heed Fed. R. Civ. P. 15's mandate that leave is to be freely given when justice so requires).

In this case, there has clearly been no undue delay on the part of Plaintiffs – the Fourth Amended Class Action Complaint and the classes proposed by the Plaintiffs sought to protect the rights and prosecute the claims of the same individuals Plaintiff now seeks to join. The Court denied Plaintiffs' Motion Seeking Class Certification by Order dated March 29, 2018, and this

Motion has been filed within the deadline established by the Court for seeking amendment of pleadings. [See Scheduling Order, DE 298].

Plaintiffs have not acted in bad faith in seeking to amend their Complaint for the fifth time – the interests of the individuals they now seek to add had been protected by the pending Motion Seeking Class Certification, and now run the risk of expiring due to statute of limitations if not pursued in a timely fashion. There will be no undue prejudice to Defendants because the Fifth Amended Complaint does not change the operative facts or the claims being asserted – it simply adds additional individuals with claims similar to those of the Named Plaintiffs.

Finally, there is no futility in seeking this amendment because the Plaintiffs have demonstrated through the submission of substantial evidence since the outset of this litigation that their claims, and the claims of those similarly situated, are valid and supported by scientific evidence. In this case, the Court must therefore grant Plaintiffs' request for leave to file a Fifth Amended Complaint for the purpose of adding the Proposed Plaintiffs. See, e.g., Nev.-Martinez v. Wael Amhad, 2016 U.S. Dist. LEXIS 51226, at *36-40 (E.D. Ky. Apr. 15, 2016) (finding that the amended allegations, which merely designated additional parties, added facts concerning each named plaintiff, and corrected typographical errors, were substantially identical to the prior complaint and that the amended complaint should therefore be permitted).

II. **JOINDER IS APPROPRIATE WHERE, AS HERE, THE PROPOSED PLAINTFFS SEEK TO ASSERT THE SAME CLAIMS ARISING FROM THE SAME OR SIMILAR FACTS.**

Joinder of persons as plaintiffs is governed by Rule 20 of the Federal Rules of Civil Procedure, which allows the joinder of more than one person as plaintiff if: (A) [the persons] assert any right to relief jointly, severally, or in the alternative with respect to or arising out of

the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action. "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." United Mine Workers of America v. Gibbs, 383 U.S. 715, 724 (1966). The Sixth Circuit has held that, in applying Rule 20, the terms "transaction" and "occurrence" are to be given a broad and liberal interpretation. Lasa Per L' Industria Del Marmo Societa Per Azioni v. Alexander, 414 F.2d 143, 147 (6th Cir. 1969). "The purpose of Rule 20(a) is to promote judicial economy and trial convenience." Evans v. Midland Funding, LLC, 574 F. Supp. 2d 808, 811 (S.D. Ohio 2008)(citation omitted). Here, because the relief requested by each of the Proposed Plaintiffs arises from the same transactions and occurrences common to all current Plaintiffs, and the questions of law and fact are identical to all parties, Plaintiffs' Motion for Leave to Amend should be granted.

### A. The Claims Asserted By The Proposed Plaintiffs Arise From The Same Occurrence Or Occurrences As The Claims Of The Named Plaintiffs.

This action arises from the negligent, reckless, and/or intentional contamination of the Plaintiffs' properties and injury to their persons by lead, arsenic and TCE generated and dispersed by Defendants. Such substances were caused to be released and leave Defendants' property and enter onto the properties of the Plaintiffs, and have contaminated the Plaintiffs' water, soil, vegetation, air, land, and dwellings, thereby causing Plaintiffs to suffer personal injury or an increased risk of serious latent diseases, damage to their properties and personal finances, interference with their exclusive possession of their properties, loss of the use and enjoyment of their properties, and destruction of their community.

The Plaintiffs' Fourth Amended Class Action Complaint alleges Counts against Defendants on behalf of the Plaintiffs as follows: (I) Nuisance; (II) Trespass; (III) Negligence, Gross Negligence, and Recklessness; (IV) Negligence Per Se; (V) Battery; (VI) Fraudulent Concealment; and (VII) Negligent Infliction of Emotional Distress. [DE 211]. Plaintiffs seek an injunction requiring Defendants to promptly and completely remove all Hazardous Substances from Plaintiffs' properties, and to prevent future migration of Hazardous Substances onto Plaintiffs' properties. The Plaintiffs also seek damages for the diminution in the value of their properties, damages for the injuries to their persons, additional compensatory and punitive damages, and the establishment of a Court supervised medical monitoring program.

The Fifth Amended Complaint tendered by Plaintiffs contains the same claims against the same Defendants arising from the same set of facts. The only distinction between the Fourth and Fifth Amended Class Action Complaints is the addition of eighty-four Plaintiffs, with specific identifying facts for each. A simple review of the Fourth and Fifth Amended Complaints plainly demonstrates that the Defendants' course of conduct that caused the contamination is identical for both the Named Plaintiffs and the Proposed Plaintiffs. Each individual whom Plaintiffs seek to join will rely on the same set of operative facts to prove Defendants' liability. All claims asserted will likewise be governed by the same principles of law.

**B. Multiple Common Questions Exist Between The Claims Of The Proposed Plaintiffs And The Claims Of The Named Plaintiffs.**

In this case, the second element of the Rule 20 analysis – the existence of common fact or law questions common to the Named Plaintiffs and the Proposed Plaintiffs – is also satisfied.

Here, the Named Plaintiffs have alleged identical legal theories against the Defendants in this action; the legal theories upon which the Named Plaintiffs' claims are based do not differ

from those upon which the claims of the Proposed Plaintiffs will be based; the common question of whether Defendants contaminated the Affected Area is shared by all; each individual whom Plaintiffs seek to join will rely on the same evidence to prove Defendants' knowledge of the dangers posed by the chemicals generated, stored and disposed of at the Facility; and each Proposed Plaintiff will rely upon the same evidence to show the negligent/reckless conduct of Defendants.

Common questions of law and fact include but are not limited to: the nature, causes and effects, and toxicity of the lead, arsenic and TCE to which all Plaintiffs' properties were exposed, all factual issues relating to Defendants' operation of the Facility, including its generation, storage, and use of materials, products and lead, arsenic and TCE at the Facility, the migration of these hazardous substances off-Site, citations for violations of federal and/or state laws relating to pollution that were received by Defendants, common affirmative defenses raised by the Defendants, remedies available under Kentucky law, the appropriate measure of damages, and questions related to the claim for punitive damages and expenses of litigation.

### C. The Proposed Plaintiffs Have Lived Or Own Property Within The Affected Area And Therefore Have Been Impacted By The Defendants' Conduct In A Similar Manner.

While the Court recently ruled that the Named Plaintiffs' claims were not suitable for class treatment (March 29, 2018 Opinion and Order, [DE 291]), the Court acknowledged that the Plaintiffs have submitted voluminous information supporting the allegations contained in the Fourth Amended Complaint regarding Defendants' contamination of the "Affected Area." Specifically, and based upon the historical information reviewed by Plaintiff's environmental expert Maurice Lloyd, as well as his soil sampling, Mr. Lloyd concludes that "properties located approximately 4,000 feet to the North of the on-Site Stacks, 12,000 feet to the East, 4,000 feet to

the South, and 3,000 feet to the West have been impacted by metals laden with particulate that have migrated off-Site, while properties located outside of these boundaries have not been impacted by the Facility." [DE 253-2]. The description of the Affected Area, when overlaid upon a detailed map showing all properties in Danville and the surrounding area, identifies with specificity the properties that fall within the Affected Area. The Affected Area is depicted in the map filed in the record at Docket Entry 252-1. Mr. Lloyd also opined that properties located on top of the plume of TCE contamination emanating from the Facility have been adversely impacted.[1]

Likewise, even though the Court found that individualized issues regarding injury, causation, and damages predominate over issues common to the class, the Court acknowledged that Plaintiffs have submitted expert reports tending to establish, at least as a preliminary matter, that individuals residing or owning within the Affected Area have been impacted in the use and enjoyment of their properties and as a result of adverse health consequences arising from the Defendants' conduct. For instance, Plaintiffs submitted the reports of toxicologist Dr. Albert Westerman, who examined the results of the environmental testing conducted by Plaintiffs throughout the Affected Area and concluded that the levels of lead, arsenic and TCE found throughout the Affected Area represent a hazard to the health of the individuals living within the Affected Area and impact the use of the properties in the Affected Area. [DE 253-17 – 253-20].

---

[1] This opinion was supported by Paul Lanthier, a senior environmental engineer with Jenkins Environmental, Inc., who opined that properties throughout the Affected Area with soil lead and arsenic levels above background concentrations have been adversely impacted by the lead and arsenic dispersed by Defendants. [DE 253-16, at pp. 8-9]. With regard to TCE, Mr. Lanthier also agreed that properties located on top of the as-yet-to-be-defined plume are impacted. Lanthier concludes: "Previous investigations indicate the presence of TCE in the local groundwater which could result in intrusion of TCE into a structure via vapor migration. Mitigation of vapor intrusion of TCE can be accomplished using subsurface/subslab ventilation methodologies." [Id. at p. 10].

With regard to TCE, Dr. Westerman notes that members of the Affected Area are at risk for exposure to the Hazardous Substance through inhalation, drinking water from contaminated wells, and from vapor intrusion through the migration of the substance up through the soil: "Area groundwater is highly contaminated with TCE so exposure to the toxic chemical . . . is currently a health hazard for people and will remain so in future use." Westerman Report, "Trichloroethylene and Human Health," [DE 253-17, at p. 1].

With regard to the personal injury claims, Dr. Westerman concludes, after reviewing all of the evidence presented by Plaintiffs, that the levels of Hazardous Substances throughout the Proposed Class Area are sufficient to cause health problems, including the balance disorders suffered by the Named Plaintiffs. [DE 253-19, p. 1].

The Proposed Plaintiffs own or owned property within the Affected Area as of the date of the filing of this action, or have been residents of the Affected Area during the Relevant Time Frame, or both. These individuals suffer from the same or similar injuries to their health and use and enjoyment of properties as those suffered by the named Plaintiffs. Likewise, as set forth, supra, their alleged injuries arise from the same tortious course of conduct as the injuries suffered by the Named Plaintiffs.

### III. LEAVE TO ADD ADDITIONAL PARTIES IS TO BE FREELY GRANTED UNDER RULE 21 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

Under Rule 21 of the Federal Rules of Civil Procedure, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21 (emphasis added). A District Court's consideration of a motion to add a party under Rule 21 is to be guided by the same liberal amendment principles considered under Rule 15. See, e.g., Hiller v. HSBC Fin.

Corp., 589 F. App'x 320, 321 (6th Cir. 2015); Rollins Burdick Hunter, Inc. v Lemberger, 105 FRD 631 (E.D. Wis. 1985); Soler v. G&Y, Inc., 86 F.R.D. 524, 528 (S.D.N.Y. 1980).

      Here, all of the relevant factors support granting leave to amend. Plaintiffs seek leave to amend in good faith and without undue delay to add factual allegations not previously in their possession and to add Plaintiffs. As the case has not proceeded to fact discovery, and the Proposed Plaintiffs are similarly situated to the original Plaintiffs, there is no prejudice to Defendants. In addition, courts routinely grant motions to amend in class actions to add or substitute named plaintiffs.

## **CONCLUSION**

      Based upon the foregoing, Plaintiffs respectfully request the Court to grant the instant Motion and permit the filing of the Plaintiffs' Fifth Amended Class Action Complaint, which was tendered as Exhibit A to Plaintiffs' Motion For Leave To File Fifth Amended Complaint, in the record of this action.

Respectfully submitted,

 /s/ Richard A. Getty
RICHARD A. GETTY
JESSICA WINTERS
MARY ANN GETTY
    and
MATTHEW W. ENGLISH

THE GETTY LAW GROUP, PLLC
1900 Lexington Financial Center
250 West Main Street
Lexington, Kentucky  40507
Telephone:  (859) 259-1900
Facsimile:   (859) 259-1909
E-Mail:  rgetty@gettylawgroup.com
E-Mail:  jwinters@gettylawgroup.com
E-Mail:  mgetty@gettylawgroup.com
E-Mail:  menglish@gettylawgroup.com

COUNSEL FOR PLAINTIFFS, ON
BEHALF OF THEMSELVES AND
OTHERS SIMILARLY SITUATED

## CERTIFICATE OF SERVICE

       I hereby certify that on this the 17th day of September, 2018, the foregoing Plaintiffs' Memorandum In Support Of Motion For Leave To File Fifth Amended Complaint through this Court's CM/ECF system upon the following:

Brian K. Johnson, Esq.
Dickinson Wright, PLLC
300 W. Vine St., Suite 1700
Lexington, Kentucky 40507
Counsel for Philips Electronics North America Corporation

M. Stephen Pitt, Esq.
George J. Miller, Esq.
    and
George L. Seay, Jr., Esq.
Wyatt, Tarrant & Combs, LLP
250 West Main Street, Suite 1600
Lexington, Kentucky  40507-1746

and

Mark L. Durbin, Esq.
Barnes & Thornburg LLP
1 North Wacker Drive, Suite 4400
Chicago, Illinois 60606

Counsel for Corning Incorporated

                                            /s/ Richard A. Getty
                                            COUNSEL FOR PLAINTIFFS

Jkwpld1177