# EXHIBIT B

SERVED 4/7/16

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| MODERN HOLDINGS, LLC, GREENLEAF PLANT FOOD WHOLESALE, INC, ROSETTA FORD, GARY FORD, CHARLES FORD, OTIS FORD, GAY BOWEN, and BOBBIE LEMONS<br><br>Plaintiffs,<br><br>V.<br><br>CORNING INCORPORATED, a New York Corporation<br><br>AND<br><br>KONINKLIJKE PHILIPS, N.V., a Netherlands Corporation<br><br>AND<br><br>PHILIPS ELECTRONICS NORTH AMERICA CORPORATION, a Delaware Corporation<br><br>Defendants. | Civil Action No. 5:13-cv-00405-GFVT<br><br><br>PLAINTIFFS' FIRST SUPPLEMENTAL INITIAL DISCLOSURES |

Plaintiffs Modern Holdings, LLC ("Modern Holdings"), Greenleaf Plant Food Wholesale, Inc. ("Greenleaf"), Rosetta Ford, Gary Ford, Charles Ford, Otis Ford, Gay Bowen ("Bowen"), and Bobbie Lemons ("Lemons"), on behalf of themselves and others similarly situated (collectively the "Plaintiffs"), through counsel and pursuant to the Rule 26(a)(1) of the Federal Rules of Civil Procedure, make the following Supplemental Initial Disclosures:

I.  **WITNESS INFORMATION**

The following non-expert and expert witnesses are likely to have discoverable information in support of the claims of the Plaintiffs. The Plaintiffs reserve the right to add or to supplement this list pursuant to the provisions of Rule 26(e) of the Federal Rules of Civil Procedure.

    A.    **Non-Expert Witnesses**

1. Modern Holdings, LLC
   c/o Bob Allen
   725 Maple Avenue
   Danville, Kentucky 40422

2. Greenleaf Plant Food Wholesale, Inc.
   c/o Steve Sparrow
   112 Lord Murphy
   Danville, Kentucky 40422

3. Rosetta Ford
   308 Fairview Street
   Danville, Kentucky 40422

4. Gary Ford
   1310 West Walnut Street
   Danville, Kentucky 40422

5. Otis Ford
   1005 West Lexington Avenue
   Danville, Kentucky 40422

6. Charles Ford
   6420 Lauren Drive
   Slidell, Louisiana 70460

7. Gay Bowen
   1440 Northwest Old Mill Drive
   Lake City, Florida 32055

8. Bobbie Lemons
   117 John W.D. Bowling Court
   Danville, Kentucky 40422

9. Unnamed Class Members

All of these individuals are expected to have knowledge about the events and conditions described in the Second Amended Complaint, as well as information related to their claims asserted in the Second Amended Complaint.

10. K. Scott Harris, PhD
    1982 Spencer Mill Road
    Burns, Tennessee 37029

11. Keith Spencer
    222 Bluffwood Drive
    Danville, Kentucky 40422

12. Anna Broughton
    24379 Duggan Drive
    New Boston, Michigan 48164

Dr. Harris and Mr. Spencer were involved in the preparation of certain remediation plans for the Site and are aware of its extensive contamination and Hazardous Substance containment issues. Dr. Harris's deposition testimony has been filed in the record and Mr. Spencer testified in person at an Evidentiary Hearing in the above-styled action on March 9, 2015 and his testimony is therefore also contained in the record. Ms. Broughton was previously employed by Philips Lighting and attempted to purchase the Site after Philips Lighting ceased operations in 2011.

13. Representatives from the City of Danville, Kentucky; the Kentucky Department for Environmental Protection ("KDEP"); the KDEP Division of Air Quality; the KDEP Division of Water; the KDEP Division of Waste Management; and the KDEP Division of Waste Management Underground Storage Tank Branch.

Representatives of these government agencies will have information related to the Open Records Requests filed by the Plaintiffs dating back to the approximate time of the filing of the above-styled action.

**SUPPLEMENTAL DISCLOSURE:** Representatives from the United States Environmental Protection Agency and OSHA. All Representatives will possess information regarding the

Facility and environmental issues related to the operation of the Facility. These individuals and entities may be in possession of relevant electronically stored information.

14. Named Defendants, including but not limited to their directors, agents, representatives, employees, parent corporations, subsidiaries, affiliates, and contractors.

**SUPPLEMENTAL DISCLOSURE:** These individuals will have information related to the actions, events, and conditions giving rise to the Plaintiffs' claims. Specifically, these individuals will have information regarding the Facility and environmental issues related to the operation of the Facility. These individuals and entities may be in possession of electronically stored information.

15. Other non-expert, fact witnesses who are outside of this jurisdiction and located as far away as Europe including but not limited to John Preston.

These individuals will have information related to the actions, events, and conditions giving rise to the Plaintiffs' claims.

    **B.**     **Expert Witnesses**

1. Maurice Lloyd, PE
   Post Office Box 910965
   Lexington, Kentucky 40591

2. Bruce Fergusson, CIH, CIEC, PE
   131 Prosperous Place
   Unit 17
   Lexington, Kentucky 40509

Mr. Lloyd is the owner of Alpha-Omega Environmental, LLC based in Lexington, Kentucky and Mr. Fergusson is the President of Air Source Technology, Inc. based in Lexington and Louisville, Kentucky. Mr. Lloyd and Mr. Fergusson both conducted environmental and industrial hygiene testing at the Site and their findings are contained in a report that has been filed in the record.

**SUPPLEMENTAL DISCLOSURE:** Maurice Lloyd has also conducted environmental testing relative to the Plaintiffs' claims, and has reviewed information and documents relevant to the Facility and environmental conditions resulting from the Defendants' operation of the Facility. Mr. Lloyd has filed multiple Affidavits in the record of this action.

3. Other experts to be designated.

The Plaintiffs intend to retain other expert witnesses for a wide range of purposes including but not limited to evaluating environmental impacts that are the result of the Defendants' actions, evaluating the Plaintiffs' past, present and future medical conditions, proper manufacturing and waste disposal practices, and damages.

**SUPPLEMENTAL DISCLOSURE:**

4. Paul Lanthier, Jr., P.E.
   Jenkins Environmental, Inc.
   8600 LaSalle Road, Suite 509
   Towson, Maryland 21286

Mr. Lanthier possesses information regarding remediation of Plaintiffs' properties.

5. Vance Mosley
   Kentucky Field Service Realty, Inc.
   P.O. Box 921
   Hyden, Kentucky 41749

Mr. Mosley possesses information regarding the diminution in value of the Plaintiffs' properties.

6. Coby Mosley
   Kentucky Field Service Realty, Inc.
   P.O. Box 921
   Hyden, Kentucky 41749

Mr. Mosley possesses information regarding the diminution in value of the Plaintiffs' properties.

7. David Changaris, M.D.
   801 Barret Avenue, #103
   Louisville, Kentucky 40204

5

Dr. Changaris possesses information regarding the Plaintiffs' medical conditions, and the effects of exposure to Hazardous Substances, including those at issue in this litigation.

## II. CATEGORIES OF RELEVANT DOCUMENTS

The documents in the following categories may be used in support of the claims of the Plaintiffs, and are based on an initial review of the documents by the Plaintiffs as well as documents which are believed to be in possession of other parties to this litigation, which are subject to discovery and which should be made available for inspection in these proceedings. The Plaintiffs reserve the right to add to or supplement these categories pursuant to the terms of Rule 26(e) of the Federal Rules of Civil Procedure.

1. Open Records Requests to various state governmental bodies and regulatory agencies from which the Plaintiffs received responses from the following: the City of Danville, Kentucky; the Kentucky Department for Environmental Protection ("KDEP"); the KDEP Division of Air Quality; the KDEP Division of Water; KDEP Division of Waste Management; and the KDEP Division of Waste Management Underground Storage Tank Branch.

2. Medical records, to the extent they are available, of the Plaintiffs' injuries resulting from their claims in the Second Amended Class Action Complaint.

3. Property records relating to damages suffered to the Plaintiffs' properties resulting from their claims in the Second Amended Class Action Complaint.

4. Expert reports already filed in the record and those to be filed in the future.

5. All exhibits already filed in the record.

6. Documents in the possession of Unnamed Class Members.

7. Documents in possession of the Defendants.

8. Securities and/or regulatory filings of the Defendants.

9. Categories of documents listed by all other parties to this matter in their Rule 26(a)(1) Disclosures.

**SUPPLEMENTAL DISCLOSURE:**

10. Documents in the possession of any witness identified in Section I, <u>supra</u>.

11. Documents in the possession of yet-to-be-identified witnesses.

12. Exhibits filed in the record of this proceeding in the future.

13. Property records relating to the Plaintiffs properties, including records on file with the Boyle County Property Valuation Office, Deeds, property tax records, and other documents.

Undersigned counsel has gathered many of the medical record of the named Plaintiffs and these records may be found in counsel's office. None of the Plaintiffs possesses any electronically stored information relevant to the claims at issue in this proceeding.

## III. DAMAGES

The Plaintiffs have outlined their categories of known damages in the Second Amended Class Action Complaint, including those damages for future medical monitoring. However, the Plaintiffs have yet to determine the full extent of their damages as these figures will likely continue to increase and will also be subject to a determination by experts who the Plaintiffs have yet to obtain. As such, the Plaintiffs will supplement this Disclosure as that information becomes available.

**SUPPLEMENTAL DISCLOSURE:** The Plaintiffs have filed documents in the record of this action specifically describing the computation and amount of the property damage they have suffered as a result of the Defendants' actions. [<u>See</u> DE 175-183].

## IV. INSURANCE POLICIES

The Plaintiffs do not have any insurance policies that may be liable to satisfy all or part of any judgment or to indemnify or reimburse for payments made to satisfy the judgment. The Plaintiffs are unaware whether the Defendants possess any such insurance policies.

Respectfully submitted,

/s/ Richard A. Getty
RICHARD A. GETTY
JESSICA WINTERS
MARY ANN GETTY
    and
EVAN M. RICE

THE GETTY LAW GROUP, PLLC
1900 Lexington Financial Center
250 West Main Street
Lexington, Kentucky 40507
Telephone: (859) 259-1900
Facsimile: (859) 259-1909
E-Mail: rgetty@gettylawgroup.com
E-Mail: jwinters@gettylawgroup.com
E-Mail: mgetty@gettylawgroup.com
E-Mail: erice@gettylawgroup.com

COUNSEL FOR PLAINTIFFS
MODERN HOLDINGS, LLC,
GREENLEAF PLANT FOOD
WHOLESALE, INC., ROSETTA
FORD, GARY FORD, CHARLES
FORD, OTIS FORD, BOBBIE
LEMONS AND GAY BOWEN,
ON BEHALF OF THEMSELVES
AND OTHERS SIMILARLY
SITUATED

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Supplemental Rule 26(a)(1) Initial Disclosures of the Plaintiffs Modern Holdings, LLC, Greenleaf Plant Food Wholesale, Inc., Rosetta Ford, Gary Ford, Charles Ford, Otis Ford, Gay Bowen, and Bobbie Lemons was served on the 7th day of April, 2016, by email to the following:

Brian M. Johnson, Esq.
Dickinson Wright, PLLC
300 West Vine Street, Suite 1700
Lexington, Kentucky 40507
bjohnson@dickinsonwright.com
Counsel for Philips Electronics North America Corporation
and Koninklijke Philips, N.V.

M. Stephen Pitt, Esq.
George J. Miller, Esq.
    and
George L. Seay, Jr., Esq.
Wyatt, Tarrant & Combs, LLP
250 West Main Street, Suite 1600
Lexington, Kentucky 40507-1746
mspitt@wyattfirm.com
gmiller@wyattfirm.com
gseay@wyattfirm.com

and

Mark L. Durbin, Esq.
    and
Peter N. Moore, Esq.
Barnes & Thornburg LLP
1 North Wacker Drive, Suite 4400
Chicago, Illinois 60606
mark.durbin@btlaw.com
peter.moore@btlaw.com

Counsel for Corning Incorporated

/s/ Richard A. Getty
COUNSEL FOR PLAINTIFFS

jkcpld1083