UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| MODERN HOLDINGS, LLC, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil No. 5:13-cv-00405-GFVT-EBA |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| CORNING, INC., *et al.*, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the motion to dismiss filed by the Defendants. [R. 316.] The Plaintiffs recently filed a Fifth Amended Complaint, adding numerous new Plaintiffs. [R. 308; R. 311.][1] Defendants seek to dismiss claims brought by two groups of these new Plaintiffs: the Minor Plaintiffs and the Plaintiffs who allege only property damage. [R. 316.] Because these Plaintiffs have failed to state a claim for which relief may be granted, Defendants' Motion to Dismiss is **GRANTED**.

**I**

**A**

This case began nearly six years ago with two Plaintiffs asserting damages for alleged negligent or intentional hazardous substance contamination of the Plaintiffs' properties by the Defendants. [R. 1.] Last March, this Court denied Plaintiffs' request for class certification. [R. 291.] Following that denial, Plaintiffs added nearly ninety additional Plaintiffs to this matter.

---

[1] Plaintiffs initially filed an unredacted Fifth Amended Complaint, which includes the names of minors and is therefore filed under seal. [R. 308.] The Redacted Fifth Amended Complaint is not sealed and contains the same paragraph numbers as the unredacted Fifth Amended Complaint. [R. 311.] Therefore, the Court cites to the official Fifth Amended Complaint, but those citations also may be found within the Redacted Fifth Amended Complaint.

[R. 308; R. 311.] Defendants now seek to dismiss the claims of seven of those Plaintiffs. [R. 316.] According to the Defendants, three of the newly joined Plaintiffs (E.N., S.N., and M.N.) are minors who assert personal injury claims but allege no present injury. *Id*. at 1–2. Defendants also argue that four others (Wanda Beasley, Donna Smith, Walter Smith, and Mary Emily Orberson) assert only claims for property damages without alleging a present injury, and therefore fail to state a claim for emotional distress. *Id*.

Plaintiffs allege in their complaint the Defendants exposed their community to toxic levels of lead, arsenic, and Trichlorethylene (TCE), suing defendants for nuisance, trespass, negligence, gross negligence, recklessness, negligence per se, battery, fraudulent concealment, and negligent infliction of emotional distress. [R. 308 ¶¶ 3–7.] The Plaintiffs each bring a combination of personal injury and property damage claims. *Id*. at ¶¶ 10–12.

Plaintiff E.N. is a seven-year-old who has lived in the allegedly affected neighborhood her entire life and seeks damages for personal injury. *Id*. at ¶ 59. "While [E.N.] does not yet experience any health problems, as the collected scientific reference attached as Exhibit C demonstrate, significant health problems can result from exposure to excessive amounts of lead, arsenic, and/or TCE, particularly when exposure occurs at a young age." *Id*. Plaintiff S.N. is three, has also lived in that neighborhood throughout her life, and also alleges personal injury claims. *Id*. at ¶ 60. "While [S.N.] does not yet experience any health problems, as the collected scientific reference attached as Exhibit C demonstrate, significant health problems can result from exposure to excessive amounts of lead, arsenic, and/or TCE, particularly when exposure occurs at a young age." *Id*. Plaintiff M.N. is four years old, lived in the relevant neighborhood all four years, and brings identical personal injury claims. *Id*. at ¶ 61. "While [M.N.] does not yet experience any health problems, as the collected scientific reference attached as Exhibit C

demonstrate, significant health problems can result from exposure to excessive amounts of lead, arsenic, and/or TCE, particularly when exposure occurs at a young age." E.N., S.N., and M.N. are siblings. *Id*. at ¶¶ 59–61.

Plaintiff Wanda Beasley lives and owns property approximately a mile from the Defendants' facility and asserts claims of property damage due to the alleged contamination. *Id*. at ¶ 63. According to her, "Plaintiffs' experts have concluded that the contamination generated and dispersed by Defendants has negatively impacted the use and value of properties within the Affected Area." *Id*. Ms. Beasley's property is located within this Affected Area. *Id*. Plaintiffs Donna Smith, Walter Smith, and Mary Emily Orberson also each own property within the Affected Area, and each make substantially the same claim for property damage as Ms. Beasley. *Id*. at ¶¶ 87, 88, 97. Plaintiffs assert that the actions of the Defendants caused significant diminution in the value of their properties. *Id*. at ¶ 147.

Collectively, the Plaintiffs in this matter bring personal injury claims under theories of negligence, gross negligence, recklessness, negligence per se, battery, and fraudulent concealment. *Id*. at ¶¶ 317–348. They also bring property damage claims under these same theories, plus theories of nuisance and trespass. *Id*. at ¶¶ 287–348. In the alternative, Plaintiffs who have suffered physical injury due to exposure, or have been exposed but not yet manifested physical injury, "have suffered serious emotional distress proximately resulting from their significantly increased risk of developing future disease," and these Plaintiffs assert claims of Negligent Infliction of Emotional Distress. *Id*. at ¶¶ 349–352. Defendants believe that the claims of personal injury and negligent infliction of emotional distress by E.N., S.N., M.N., Wanda Beasley, Donna Smith, Walter Smith, and Mary Emily Orberson fail to state claims upon which relief may be granted. [R. 316 at 3.]

**B**

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a plaintiff's complaint. In reviewing a Rule 12(b)(6) motion, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). The Supreme Court explained that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). See also *Courier v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009).

**II**

**A**

Plaintiffs admit that E.N.,[2] S.N., and M.N. all allege personal injury claims, but "none of these three minor children [have] evidenced an outward manifestation of a physical injury that was readily observable by their mother prior to the filing of the Fifth Amended Complaint." [R. 321 at 4.] Instead, counsel for these Plaintiffs states that the injuries suffered by the siblings of E.N., S.N., and M.N. indicate that the personal injuries will inevitably manifest, even if injuries are not yet readily apparent. *Id.* Under Kentucky law,[3] "[r]ecovery is not possible until a cause

---

[2] Plaintiffs identify "E.H." as the relevant minor Plaintiff, however, no "E.H." was identified in Plaintiffs' Fifth Amended Complaint and the Defendants refer to minor Plaintiff "E.N." [*See* R. 311; R. 316.] Thus, the Court believes Plaintiffs intended to refer to "E.N." rather than "E.H."

[3] This case appears before the Court pursuant to diversity jurisdiction under 28 U.S.C. 1332(a). Plaintiffs are Kentucky residents and Kentucky businesses, while Defendant Philips Electronics North America Corporation is a Delaware Corporation, and Defendant Corning Incorporated is a New York corporation,

4

of action exists. A cause of action does not exist until the conduct causes injury that produces loss or damage." *Saylor v. Hall*, 497 S.W.2d 218, 225 (Ky. 1973).

E.N., S.N., and M.N. have no current injuries. [R. 321 at 4.] The statute of limitations begins to run when a plaintiff discovered or should have discovered the injury. *Louisville Trust Co. v. Johns-Manville Products Corp.*, 580 S.W.2d 497, 500 (Ky. 1979). E.N, S.N., and M.N. believe the statute of limitations for such claims began running upon the discovery of their siblings' injuries because E.N., S.N., and M.N. were placed on notice of potential injury from exposure at that time. [R. 321 at 6.] They cite *Caudill v. Arnett* to support this proposition.

However, distinguishable from *Caudill*, E.N., S.N., and M.N. have asserted no injuries they have discovered or should have discovered. In *Caudill*, the plaintiff was a passenger in a school bus that overturned. *Caudill v. Arnett*, 481 S.W. 2d 668, 668–69 (Ky. 1972). The accident occurred in 1963, when Caudill was fifteen years old, meaning his statute of limitations (one year) did not begin running until he reached the age of majority (July 28, 1965). *Id*. He determined he had been injured on the date of the accident, but incorrectly believed his injuries to be minor. *Id*. at 669. In the summer of 1969, after several years of continuous pain, he was examined by a specialist who determined he had pancreatitis caused by the 1963 accident. *Id*. The court determined that he discovered the injury, and therefore the statute of limitations began running, on the date of the accident because he knew he was injured by the school bus, even if he was not aware of the extent of the injury until years later. *Id*.

E.N., S.N., and M.N. have no recognizable injuries to date. They may later manifest an injury with a cognizable cause of action, but the statute of limitations for that cause of action will

---

plus the amount in controversy exceeds $75,000 for each Plaintiff. [R. 308 ¶¶ 1–102.] Therefore, while federal law governs the standard for a motion to dismiss, Kentucky law controls as to the substantive elements of liability. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965); *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).

not begin to run until they knew or should have known about an actual injury. For now, there is no injury for them to discover, and therefore, no cause of action under Kentucky law. *Saylor v. Hall*, 497 S.W.2d 218, 225 (Ky. 1973). Kentucky does not recognize a cause of action for the possibility of future injury; such a cause of action requires a "present physical injury to the plaintiff." *Wood v. Wyeth-Ayerst Laboratories, Div. of Am. Hom. Prod.*, 82 S.W.3d 849, 852 (Ky. 2002). Therefore, the personal injury claims of E.N., S.N., and M.N. must be dismissed under Rule 12(b)(6).

## B

To succeed on a claim for negligent infliction of emotional distress, a plaintiff must first demonstrate a common law negligence claim: "(1) the defendant owed a duty of care to the plaintiff, (2) breach of that duty, (3) injury to the plaintiff, and (4) legal causation between the defendant's breach and the plaintiff's injury." *Osborne v. Keeney*, 399 S.W.3d 1, 17 (Ky. 2012). Additionally, recovery for emotional injury extends only to "severe" or "serious" emotional injury. *Id*. Plaintiffs must present expert medical or scientific proof to support their claims. *Id*. at 18. Severe or serious emotional injury "occurs where a reasonable person, normally constituted, would not be expected to endure the mental stress engendered by the circumstances of the case." *Id*. at 17.

Defendants seek dismissal of the claims of Negligent Infliction of Emotional Distress by E.N., S.N., M.N., Ms. Beasley, Ms. Smith, Mr. Smith, and Ms. Orberson. [R. 316.] None of the Plaintiffs at issue here specifically state an emotional injury. [R. 308 ¶¶ 59–61, 63, 87, 88, 97.] The Complaint simply alleges that "some or all of Plaintiffs have suffered serious emotional distress proximately resulting from their significantly increased risk of developing future disease." *Id*. at ¶ 352. None of these Plaintiffs even allege a physical injury. *Id*. at ¶¶ 59–61, 63,

87, 88, 97. While the Court must construe the Complaint in the light most favorable to the Plaintiffs, the Court is not required to accept unwarranted factual inferences. *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). The Complaint must state sufficient factual matter which, if true, states a plausible claim to relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Mere conclusory statements, such as "some or all of Plaintiffs have suffered serious emotional distress" does not suffice. *Id*. at 678. Plaintiffs ask the Court to infer that, because of the possibility of their exposure, the Plaintiffs have suffered severe emotional distress, but do not include facts to support manifestation of that distress, or any physical or mental ailment for that matter. Mere conclusions "are not entitled to the assumption of truth." *Id*. at 679. Without specific facts by which to assume veracity, these Plaintiffs' claims for negligent infliction of emotional distress must also be dismissed.

### III

Plaintiffs' alleged facts are entitled to substantial deference in the face of a motion to dismiss. Courts must consider all facts in the complaint as true and refrain from making credibility decisions. However, Plaintiffs must assert a present injury and must state specific facts to identify that injury, rather than merely concluding its potential existence based on presumption of Defendants' liability. The Court may not infer facts to support the existence of an injury. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendants' Motion to Dismiss [**R. 316**] is **GRANTED**;

2. All claims of Minor Plaintiffs E.N., S.N., and M.N. are **DISMISSED WITH PREJUDICE**; and

7

3. The claims by Plaintiffs Wanda Beasley, Donna Smith, Walter Smith, and Mary Emily Orberson for Negligent Infliction of Emotional Distress are **DISMISSED WITH PREJUDICE**.

This the 26th day of April, 2019.

Gregory F. Van Tatenhove
United States District Judge