UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| MODERN HOLDINGS, LLC, *et al.*, | ) |
| Plaintiffs, | ) Civil No. 5:13-cv-00405-GFVT-EBA |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| CORNING, INC., *et al.*, | ) **&** |
| | ) **ORDER** |
| Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon Defendants Corning Incorporated and Philips Electronics North America's Motion to Dismiss and Motions for Judgment on the Pleadings. [R. 363; R. 365; R. 392.] Several new individual Plaintiffs have been added to this case due to the Fifth Amended Complaint and the Court consolidating two separate cases arising from the same set of facts. Now, Defendants seek to dismiss personal injury claims brought by the newly added Plaintiffs that do not fit within the previously denied class description. The main question this Court faces is whether the newly added Plaintiffs' personal injury claims that exclude balance disorder or cognitive loss were tolled during the pendency of class certification that was ultimately denied. For the reasons that follow, Plaintiffs' Motion to Dismiss and Motions for Judgment on the Pleadings are DENIED.

**I**

Plaintiffs in this case are comprised of two companies and several individuals who all own property and/or reside near a glass manufacturing facility in Danville, Kentucky. [*See* R.

308 at ¶¶ 4–99.]¹  Defendants include Corning, Inc., which owned and operated the glass manufacturing facility from 1952 to 1983, and Philips North America, which owned and operated the site between 1983 and 2013.  *See id.* at ¶¶ 100,101.  Plaintiffs claim they have suffered various health problems and damage to their properties due to the release or dispersion of hazardous materials from the glass manufacturing facility.  *See id.* at ¶¶ 4–99.  Accordingly, Plaintiffs bring numerous tort claims against Defendants including nuisance, trespass, negligence, battery, fraudulent concealment, and negligent infliction of emotional distress.  *Id.* at ¶ 2.

Defendants seek to dismiss personal injury claims brought by two groups of Plaintiffs: Plaintiffs added from the Fifth Amended Complaint and Plaintiffs added from the consolidation of the two federal cases.  [R. 363; R. 392.]  On March 29, 2018, this Court denied Plaintiffs' request for class certification.  [R. 291.]  The class Plaintiffs sought to certify consisted of all persons who at any time between 1952 to 2013, resided within the affected area and suffered some type of illness or who owned off-site property within the affected area.  [R. 251 at 1.]  The proposed class definition was based on alleged injuries of balance disorder and cognitive loss which were the only personal injury claims supported through affidavits of a medical doctor.  [R. 363-1 at 2.]

On March 29, 2019, Plaintiffs filed a separate action in Boyle County Circuit Court that was based on the same facts but added 28 different plaintiffs against the City of Danville, Phillips, Inc., and Corning, Inc, which was removed to this Court.  [R. 391 at 1.]  On April 30,

---

[1] Plaintiffs initially filed an unredacted Fifth Amended Complaint, which includes names of minors and is therefore filed under seal.  [R. 308.]  The Redacted Fifth Amended Complaint is not sealed and contains the same paragraph numbers as the unredacted Fifth Amended Complaint.  [R. 311.]  Therefore, the Court cites to the official Fifth Amended Complaint, but those citations also may be found within the Redacted Fifth Amended Complaint.

this Court dismissed the claims of the 79 plaintiffs in the later-filed action who were also a party to this suit based on the duplicative litigation doctrine. *Id*. at 2. The Court also dismissed the claims against the City of Danville and consolidated the remaining plaintiffs' claims from the second suit into this case. *Id*.

The newly added Plaintiffs in the Fifth Amended Complaint and from the consolidated action assert individual personal injury claims that differ from the motion for class certification. [R. 396 at 2.] Defendants argue that the newly added Plaintiffs' personal injury claims are time-barred to the extent they seek to recover damages for conditions other than balance disorder and cognitive loss. [R. 392-1 at 5.] In opposition, Plaintiffs contend that each individual Plaintiff's claims are timely and thus, should not be dismissed. [R. 396 at 2.] In support of their argument, they state that personal injury claims arising from the same exposure of hazardous substances were tolled during the pendency of class certification because different ailments such as cancer, hypertension, and asthma were referenced in the Original Complaint. *Id*.

## II

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the plaintiffs' complaint. In reviewing a Rule 12(b)(6) motion, the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). The Supreme Court explained that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

3

570 (2007)); *see also Courier v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009).

Defendants also seek a judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), which provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Fritz v. Charter Tp. of Comstock*, 592 F. 3d 718, 722 (6th Cir. 2010) (citing *Zeigler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511–12 (6th Cir. 2001)). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JP Morgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (internal citations omitted).

**A**

Overall, Defendants' argue that the newly added Plaintiffs' personal injury claims that are not based on balance disorder or cognitive loss should be dismissed because they are time-barred by Kentucky's statute of limitations. [R. 392-1 at 5; R. 363-1 at 2.] Defendants state that any personal injuries aside from cognitive loss or balance disorder are peripheral claims that were not tolled. [R. 363-1 at 3.] The newly added Plaintiffs are making a claim for damages related to alleged personal injuries other than those for which class certification was sought. [R. 392-1 at 5.] Therefore, each of those Plaintiffs would not have been a member of the class had it been certified. *Id.* However, Plaintiffs contend that their personal injury claims are timely because the statute of limitations was tolled as a matter of law until the date the Court denied

4

Plaintiffs' motion seeking class certification.  [R. 396 at 3.]  They argue that the claims of the newly added Plaintiffs are the same as those referenced in the Original Complaint and they were also members of the proposed class.  *Id*. at 4, 6.

In furtherance, Plaintiffs contend that under *American Pipe & Construction Co. v. Utah*, personal injury claims based on exposure to the same cause of action as those in the Original Complaint were tolled through March 29, 2018, the date class certification was denied.  414 U.S. 538, 554 (1974); [R. 396 at 4.; R. 392 at 1.]  In Kentucky, personal injury actions must be commenced within one year after the cause of action accrues.  KRS § 413.140(1)(a).  An action accrues when a plaintiff "has knowledge of sufficient facts to state a cause of action."  *Hazel v. General Motors Corp.*, 863 F. Supp. 435, 438 (W.D. Ky. 1994).  "Generally, this means that the plaintiff must file suit within one year of the alleged injury."  *Michals v. Baxter Healthcare Corp.*, 289 F.3d 402, 406 (6th Cir. 2002) (citing *Caudill v. Arnett*, 481 S.W.2d 668, 669 (Ky. 1972)).  In certain circumstances, class actions may toll the statute of limitations.

*American Pipe & Construction Co. v. Utah* held that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action."  414 U.S. at 554.  In other words, when a named plaintiff files a class action, the statute of limitations period is tolled for the individual claims of each of the other class members.  That tolling extends until "class action status is denied."  *Id.*  Upon denial of class status, individual class members are required to take action to preserve their rights—for example, by filing an individual lawsuit—or "face the possibility that their action could become time barred," because the statute of limitations clock starts to run again.  *Id.*

5

Furthermore, tolling applies when the plaintiff asserts a claim that was contained in the original class action. *See Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 468 (1975). However, the subsequent suit does not have to be identical in every aspect to an earlier class action. *Id*. The claims should share a common factual basis or legal nexus. *See Currithers v. FedEx Ground Package Sys., Inc.*, No. 04-10055, 2012 WL 458466, at *7 (E.D. Mich. Feb. 13, 2012). The plaintiff has to provide fair notice so that the defendant is not prejudiced by a lack of ample notice. *Crown, Cork, & Seal Co.*, 462 U.S. at 353. In order to prevent prejudice, the factual and legal nexus between the proposed claims for which tolling is asserted and the putative class claims in the prior litigation should be analyzed. *See also, e.g., In re Copper Antitrust Litigation*, 436 F.3d 782, 793–97 (7th Cir. 2006).

A district court's decision that class status should be denied places all class members on notice that they are not members of any putative or actual class. At that point "the class is no longer putative; having been subjected to a legal decision, the class is either extant or not." *Collins v. Vill. Of Palatine.*, 875 F.3d 839, 845 (7th Cir. 2017) ("An uncertified class-action suit is decidedly not a class action once all class claims have been dismissed. The statute of limitations immediately resumes."). Thus, courts must look to the class action complaint to determine if a defendant had sufficient notice of the claims. *Rochford v. Joyce*, 755 F. Supp. 1423, 1428–29 (N.D. Ill. 1990). In *Crown*, the Supreme Court concluded that because defendants were put on notice of the factual basis for potential antitrust claims of class members, there was no "potential for [an] unfair surprise" by tolling plaintiffs' claims during the class certification. *Crown, Cork, & Seal Co.*, 462 U.S. at 353. Once a class action is filed, the defendant is put on notice to preserve evidence and witnesses in relations to all of the claims of the class action members. *See Currithers*, 2012 WL 458466, at *1.

1

Here, the Original Complaint contains allegations of other personal injuries that were not limited to cognitive loss or balance disorder such as lung cancer, hypertension, and bone disorders. [*See* R. 1 at ¶34.] In fact, the Complaint lists several established human toxicological effects associated with the hazardous substances and states that the list is not exhaustive. *Id*. Therefore, it is evident that Defendants were put on notice in regard to the variety of personal claims that were possible. "There has to be complete identity of the causes of action for the protections [against the running of the limitations period] to necessarily exist." *See Johnson*, 421 U.S. at 468 n. 14. However, subsequent individual suits do not necessarily have to be identical in every respect to an earlier class action for the limitations period to be tolled. *See Tosti v. City of Los Angeles*, 754 F.2d 1485, 1489 (9th Cir. 1985). Ample notice of plaintiffs' individual claim is given when the individual claim involves the same allegations that were made in the class suit. *Id*.

The alleged cause of Plaintiffs' personal injuries is the pollution from Defendants' glass manufacturing facility. [R. 308 at ¶¶ 1, 3.] This remains constant throughout the entirety of the case, including the Amended Complaints and motion seeking class certification. The distinguishing characteristics between the Amended Complaints consist of the newly added Plaintiffs and their personal injuries they individually claim to suffer. However, these additional ailments are generally listed in the Original Complaint. [*See* R. 1 at ¶ 34.] Defendants are correct in that these other ailments listed in the Fifth Amended Complaint were not included in the definition of the proposed class. [*See* R. 251-1 at 15.] In fact, Plaintiffs specifically included that the expert report by Dr. Changaris concluded that "each Plaintiff he examined has suffered '[b]alance disorder with central processing disorder caused by lead exposure,' and '[c]ognitive

loss with processing caused by lead exposure or other neurotoxins.'" *Id*. (citing [R. 177-2; R. 178-2; R. 179-1; R. 180-2; R. 181-2]). But this fact alone does not determine the outcome of the issue presented.

In addition, the Supreme Court has found that multiple remedies based on the same operative facts comprise a single cause of action. *See Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 743 (1976). In *Car Carriers, Inc. v. Ford Motor Co.*, the Court emphasized that "a complaint asserting only one legal right, even if seeking multiple remedies for the alleged violation of that right, states a single claim for relief." 789 F.2d 589, 593 (7th Cir.1986) (A . . . claim is part of the same cause of action as a prior claim if it arises from the same operative nucleus of fact.); Fed. R. Civ. P. 8(a)(3). As previously stated, in the Fifth Amended Complaint, Plaintiffs argue for additional remedies based on the same operative facts as the Original Complaint. [R. 396 at 7.] They allege that negligent dispersals of hazardous pollutants formed by Defendants caused their asserted personal injuries. *Id*. at 6. Though, injuries listed in the Fifth Amended Complaint vary from injuries in the proposed class definition, they are still based on the same alleged tortious action. [R. 397 at 2.] Therefore, the Court concludes Defendants were put on notice of the various personal injury claims of the newly added Plaintiffs since they were included in the Original Complaint and arise from the same cause of action.

This case is distinguishable from cases where courts held that a sufficient nexus did not exist between the amended complaint and claims asserted in the original class action complaint. *See Williams v. Boeing Co.*, 517 F.3d 1120, 1136 (9th Cir. 2008) (declining to extend tolling to putative class members' claims for discrimination in salary when the prior purported class action complaints alleged that defendants discriminated against plaintiffs with regard to "terms of employment" but did not provide notice of a compensation discrimination claim). Defendants

8

argue that other ailments included in the Original Complaint such as asthma and hypertension were not part of the class certification which Plaintiffs sought. [R. 363 at 2.] However, the factual and legal nexus is determined by the claims in the Original Complaint, not just the class which Plaintiffs sought to certify. *See In re Copper Antitrust Litigation*, 436 F.3d at 793–97 (refusing to apply the tolling rule to putative class members' federal antitrust claims when the prior purported class actions asserted state antitrust claims). Thus, the Court finds at this stage that there is a sufficient legal and factual nexus between Defendants' conduct and the various personal injuries the newly added Plaintiffs' claim to suffer. Ultimately, the subsequent individual suits are not identical in every respect, but the legal claims are substantially similar and arise from the same cause of action. Thus, the Court will deny Defendants' motions.

### III

The limitations clock on the individual Plaintiffs' claims resumed when their class action ceased to exist after their proposed class certification was denied. Newly added Plaintiffs filed their personal injury claims arising from the same cause of action within a year of that date. Therefore, their personal injury claims are timely. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED**:

    1.    Defendants' Motions for Judgment on the Pleadings [**R. 363; R. 365**] are **DENIED**;

    2.    Defendants' Motion to Dismiss for failure to state a claim **[R. 392]** is **DENIED**; and

    3.    The Clerk of the Court is **DIRECTED** to **REMOVE** Justin Burgess and Robert Lance from the case caption.[2]

---

[2] Defendants point out that purported Plaintiffs Justin Burgess and Robert Lance are listed in the caption of the instant case but are not discussed in the Complaint. [R. 392-1 at 4.] Plaintiffs acknowledge that

This the 11th day of September, 2020.

*Gregory F. Van Tatenhove*
United States District Judge

---

the names Justin Burgess and Robert Leon Vance are listed in the case caption of the consolidated case, but states that "undersigned counsel does not represent these individuals or assert claims on their behalf in this proceeding, and these names would be properly stricken from the case caption." [R. 396 at 2 n.1.]