UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| MODERN HOLDINGS, LLC, *et al.*,  )<br>  )<br>  Plaintiffs   )<br>  )<br>v.  )<br>  )<br>CORNING, INC., *et al.*,  )<br>  )<br>  Defendants.  )<br>  ) | Civil No. 5:13-cv-00405-GFVT-EBA<br><br>**MEMORANDUM OPINION**<br>**&**<br>**ORDER** |

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

This matter is before the Court on Defendants Corning Incorporated and Philips Electronics North America Corporation's Motion to Dismiss Personal Injury Claims of Newly Joined Plaintiffs for Failure to Comply with *Lone Pine* Order. [R. 466.] For the reasons that follow, the Defendants' motion will be **GRANTED IN PART** and **DENIED IN PART**.

**I**

After more than eight years of litigation, the Court and parties are well acquainted with the facts of this case. The Plaintiffs, which includes multiple companies and individuals who own property and/or reside near a glass manufacturing facility in Danville, Kentucky, sued Defendants Corning, Inc., which owned and operated the glass manufacturing facility from 1952 to 1983, and Philips North America, which owned and operated the facility between 1983 and 2013. [R. 1.] Plaintiffs claim they have suffered health problems and property damage because of the release or dispersion of hazardous materials from the glass manufacturing facility. *Id.* Accordingly, the Plaintiffs have brought numerous tort claims against the Defendants including

nuisance, trespass, negligence, battery, fraudulent concealment, and negligent infliction of emotional distress. *Id.* at 13–22. Plaintiffs have reached a global settlement with Corning, Inc., contingent upon the Plaintiffs providing Corning with a settlement agreement executed by each Plaintiff within 120 days of December 8, 2021. [R. 544.] However, the litigation between the Plaintiffs and Philips North America remains ongoing.

On September 28, 2015, Magistrate Judge Edward Atkins imposed a *Lone Pine* case management order. [R. 147.] The Court upheld the imposition of the *Lone Pine* order over the Plaintiffs' objections. [R. 160.] Judge Atkins' *Lone Pine* order required the following:

> (1) With respect to the personal injury claims being asserted by the plaintiffs, each plaintiff shall provide, within 60 days from the date this Order is signed, an affidavit from a qualified expert or experts which sets forth, to a reasonable degree of scientific certainty, the following:
> (a) For each plaintiff, the specific illness allegedly sustained. (A general, vague description such as "cancer" will not suffice. The exact type of illness must be identified.)
> (b) For each plaintiff, the date the identified illness was diagnosed, including the name and address of the medical care provider who made the diagnosis;
> (c) For each plaintiff, the toxic chemical which allegedly caused the identified illness, supported by an explanation of the manner of exposure, the exposure pathway, the date(s) of exposure, the duration of exposure, and the dose of exposure; and(d) Citation to the scientific literature supporting any claim that any plaintiff's illness was caused by the described exposure to the identified toxic chemical.
> (2) With respect to the property damage claims asserted, each plaintiff shall provide, within 60 days from the date this Order is signed, an affidavit from a qualified expert or experts which sets forth, to a reasonable degree of professional certainty, the following:
> (a) For each plaintiff, the property address, including tax block and lot number, for the property alleged to have declined in value;
> (b) For each plaintiff, the property address, including tax block and lot number, for the property alleged to have been contaminated, including a description of any alleged contaminant, the location on the property on which it was found, and the date on which any such contaminant was found on the property at issue; and
> (c) For each plaintiff, the degree of diminution in value for the property alleged to have so declined, including the time-frame in which such

diminution allegedly occurred. [R. 147 at 1–2.]

On September 27, 2019, the Defendants filed a motion to dismiss the personal injury claims of certain Plaintiffs, arguing that the affidavit produced by Dr. Gilbert failed to comply with the *Lone Pine* order's requirements. [R. 364.] In the order addressing Defendants' motion to dismiss, the Court: (1) dismissed eight Defendants who failed to provide any *Lone Pine* disclosures; (2) accepted the late filing of two Plaintiffs for good cause shown; (3) denied the motion to dismiss as to Defendants whose diagnoses were attributable to historical third-party sources or whose diagnoses came from unidentified health care providers and/or of unspecified dates; and (4) granted the motion to dismiss as to Plaintiffs whose medical conditions are not referenced in a past medical record, Plaintiffs with medical conditions not addressed as being the result of exposure to hazardous chemicals, and Plaintiffs whose diagnoses reference a general or vague medical condition or symptom instead of a specific illness. [R. 431 at 15–17.]

On January 15, 2019, the Court granted the Plaintiffs leave to file their Fifth Amended Complaint and join additional Plaintiffs to this action. [R. 307.] On February 22, 2021, Plaintiffs submitted the affidavit of John W. Gilbert, M.D. in compliance with the Court's *Lone Pine* order for the new Plaintiffs. [R. 457-1.] On March 26, 2021, Defendants filed their latest motion to dismiss certain Plaintiffs for failing to comply with the Court's *Lone Pine* order. [R. 466.] Defendants allege that some of the new Plaintiffs failed to provide any *Lone Pine* submissions and other Plaintiffs failed to provide sufficient *Lone Pine* submissions. *Id.*

## II

As the Court has previously expressed, this motion to dismiss is not the time for delving into any arguments about the overall merits of this case. [R. 431.] The simple question currently before the Court is whether the affidavits submitted by the newly added Plaintiffs at Docket

Entry 457-1 complies with the requirements of the *Lone Pine* order issued by Judge Atkins on September 28, 2015.

"A Lone Pine order is a pretrial order, based on *Lore v. Lone Pine Corp.*, No. L-33606-85, 1986 WL 637507 (N.J. Super. Ct. Law Div. Nov. 18, 1986), that 'require[s] plaintiffs to provide facts in support of their claims' including by expert evidence 'or risk having their cases dismissed.'" *McMunn v. Babcock & Wilcox Power Generation Group, Inc.*, 869 F.3d 246, 256 n.9 (3d Cir. 2017) (quoting *In re Asbestos Prods. Liab. Litig. (No. VI )*, 718 F.3d 236, 240 & n.2 (3d Cir. 2013)). Judge Atkins's *Lone Pine* order requires the Plaintiffs to provide certain information about their personal injury and property damages claims. "The basic purpose of a *Lone Pine* order is to identify and cull potentially meritless claims and streamline litigation in complex cases." *In re: Vioxx Prods. Liab. Litig.*, 557 F. Supp. 2d 741, 743 (E.D. La. 2008). *Lone Pine* orders require Plaintiffs to "produce some evidence to support a credible claim." *Steering Committee v. Exxon Mobile Corp.*, 461 F.3d 598, 604 n.2 (5th Cir. 2006).

### A

Defendants first argue that Dr. Gilbert's Affidavit [R. 457-1] fails to address the personal injury claims of the following eleven new Plaintiffs: Robert Bradley (Robert Bradley Miller); Christian Robert Cheak; Elana Ford; Holly Gooch; Darlene Hagan; Jonathan Llamas; Misti Llamas; James Ross; Hugh Shepherd; Nancy Vanover; and Stacy Wilson, as Guardian of her Minor Son, A.B. [R. 466 at 3.] Plaintiffs, in their response, "concede the Defendants' Motion" as it relates to the above eleven individuals. [R. 468 at 28.] Accordingly, and given that these individuals have failed to produce any evidence to support a credible claim, the Court will grant the Defendants' motion as to these eleven individuals.

4

**B**

Defendants next request that the Court limit fifteen of the new personal injury Plaintiffs' claims to specific illnesses instead of generic symptoms that could be "signs of numerous underling illnesses." [R. 466 at 3.] Defendants argue that with respect to fifteen of the new personal injury Plaintiffs, "the Gilbert Affidavit identifies only vague symptoms, 'problems,' or 'issues' too generic to support the causation opinion required under the order." *Id.* at 4. In fact, for eleven of the fifteen Plaintiffs, the "vague symptoms, 'problems,' or 'issues'" that the Defendants argue were alleged in the Complaint are not included in Dr. Gilbert's Affidavit at all. [*Id.* at 4; *see also* R. 466-1.] The eleven Plaintiffs include: Diana (Perry) Coffey, Jennifer Fox, David Johnson, Nathaniel Johnson, Clifford Lister, Darlene Lister, Alice Miller, Steve Reed, Cara Rogers, Victoria Troxler, and Gene Walker. [R. 466 at 4–5.] For example, Defendants argue that Plaintiff Diana (Perry) Coffey alleged thyroid disorders in her Complaint but that Dr. Gilbert's Affidavit included no opinion about thyroid disorders whatsoever. [R. 466-1 at 1.] Defendants therefore request that Ms. Coffey's personal injury claim not include thyroid disorders and instead be limited to vaginal cancer, chronic bronchitis, COPD, arthritis, and high blood pressure, which are all illnesses specifically addressed in Dr. Gilbert's Affidavit. *Id.*

In their Response, the Plaintiffs agree with the Defendants about the eleven Plaintiffs that certain disorders previously alleged were not diagnosed or addressed in Dr. Gilbert's Affidavit at all but argue that the Plaintiffs' ultimate claims "do not rest on any such diagnosis. [R. 468 at 9–21.] Therefore, the Court finds it appropriate to allow these eleven Plaintiffs' claims to proceed but grant the Defendants' request to limit the eleven Plaintiffs' alleged medical conditions to those included in Dr. Gilbert's Affidavit.

In addition to the eleven Plaintiffs discussed above, Defendants also seek to limit the

personal injury claims of Marilyn Burgess to exclude atrial fibrillation; Robert (Bob) Miller to exclude balance disorders, dizziness, skin disorders, gallbladder removal, colon removal, and arterial blockage; David Owsley to exclude heart condition, shortness of breath, balance disorders, tingling and numbness in extremities, and atrial fibrillation; and Charlie Perry to exclude carotid artery blockages and stroke. [R. 466 at 4.] The Plaintiffs responded that Ms. Burgess's atrial fibrillation is a specifically diagnosed medical condition addressed by Dr. Gilbert's Affidavit and therefore should not be excluded. [R. 468 at 8.] Plaintiffs agree that balance disorders, dizziness, skin disorders, gallbladder removal, and colon removal are not medical conditions with which Mr. Miller has been specifically diagnosed but argue that arterial blockage is something with which he has been specifically diagnosed. *Id.* at 15. Plaintiffs also agree that a heart condition, shortness of breath, balance disorders, and tingling and numbness in extremities are not medical conditions with which Mr. Owsley has been specifically diagnosed but argue that atrial fibrillation is something with which he has been specifically diagnosed. *Id.* at 16. Finally, Plaintiffs argue that carotid artery blockage and stroke are medical conditions with which Mr. Perry has been specifically diagnosed. *Id.* at 17.

The Court finds that Ms. Burgess and Mr. Owsley's atrial fibrillation constitutes a specific diagnosed illnesses that can support a personal injury claim in this case. Plaintiff provides support that atrial fibrillation is a diagnosed illness, and both individuals provided the date (or date range) and specific diagnosing doctor.[1] The Court also finds that Mr. Perry's stroke

---

[1] The Court is aware that it previously prevented Plaintiff Harvey Chenault's atrial fibrillation personal injury claim from going forward. [R. 431 at 13 n.7.] However, unlike Plaintiffs Ms. Burgess and Mr. Owsley, Mr. Chenault failed to identify the name of the medical care provider who made the diagnosis even though the diagnosis was made in 2019 only six months before Dr. Gilbert issued his report. This evinces a lack of due diligence on the part of Mr. Chenault in violation of the *Lone Pine* order. The Court made an exception to the *Lone Pine* requirements for certain Plaintiffs who "were diagnosed with medical conditions decades ago," but that exception would not have applied in Mr. Chenault's case. *Id.* at 9. To the extent Mr. Chenault is able to provide the name of the medical care provider

6

diagnosis is a sufficiently definitive diagnosis to support a personal injury claim. The Plaintiffs provide evidence that a stroke "is recognized as a diagnosed illness" and Dr. Gilbert's Affidavit includes "the specific diagnosis, along with the information relating to the diagnosing physician, and references to the academic authorities that support the stated causal connection." *Id.* at 18. Therefore, the Court will deny the Defendants' motion to dismiss as to these claims.

However, for the reasons specified in the Court's prior motion to dismiss order [*see* R. 431 at 13], Defendants' request as to Mr. Miller's arterial blockage and Mr. Perry's carotid artery blockages will be granted. Plaintiffs argue that Dr. Gilbert's report identifies "a specific" artery blockage and that this should change the Court's analysis. [R. 468 at 16, 18.] However, just because Dr. Gilbert's report identifies a specific blockage does not mean that arterial blockage itself is a sufficiently specific illness to satisfy the *Lone Pine* order. Accordingly, the Court finds once again that these illnesses are too general to satisfy the *Lone Pine* order and the will grant the Defendants' request as to these two claims.

C

For the same fifteen Plaintiffs addressed above, the Defendants argue that the "Gilbert Affidavit fails to address all of the illnesses and medical problems alleged in the Fifth Amended Complaint," which means there is a gap between certain alleged medical problems and "Plaintiffs' alleged exposure to hazardous chemicals." [R. 466 at 5.] In response, Plaintiffs agree "that under the Court's prior rulings, unless Dr. Gilbert's Affidavit identifies the Plaintiff's ailment as a diagnosed medical condition and makes a causal connection between that condition and the Plaintiff's exposure, that Plaintiff will be foreclosed from basing his or her personal

---

who made the atrial fibrillation diagnosis, the Court would consider adding that particular claim back to his case.

injury claim on that ailment." [R. 468 at 21–22.] However, Plaintiffs argue that "[t]o the extent that further evidence indicates that" the alleged medical complaint "is a symptom or manifestation of any of these diagnosed medical conditions, [the Plaintiffs] should not be foreclosed from introducing evidence of the same." [R. 468 at 22–27.]

Here, the Plaintiffs do not attempt to argue that a single one of the illnesses, symptoms, or medical problems Defendants contest in their motion to dismiss was addressed or even mentioned in Dr. Gilbert's affidavit. The Court has previously held that "[i]f Dr. Gilbert has not identified any specific illness for each Plaintiff, that articular Plaintiff's personal injury claim must be dismissed." [R. 431 at 13–14.] Therefore, the Court will grant this portion of the Defendants' motion to dismiss.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendants' motion to dismiss **[R. 466]** is **GRANTED IN PART** and **DENIED IN PART** as follows;

2. The following Plaintiffs' personal injury claims are **DISMISSED WITH PREJUDICE** in their entirety: Robert Bradley Miller, Christian Robert Cheak, Elana Ford, Holly Gooch, Darlene Hagan, Jonathan Llamas, Misti Llamas, James Ross, Hugh Shepherd, Nancy Vanover, Stacy Wilson as Guardian of her minor son A.B.;

3. It is further **ORDERED** the following Plaintiffs' personal injury claims are not dismissed in their entirety, but are **LIMITED** to the listed medical conditions/illnesses:

a. Marilyn Burgess – atrial fibrillation, breast cancer, and high blood pressure

b. Diana (Perry) Coffey – vaginal cancer, chronic bronchitis, COPD, arthritis, and high blood

    pressure

c. Jennifer Fox – lupus and arthritis

d. David Johnson – multiple sclerosis and high blood pressure

e. Nathanial Johnson – ADHD

f. Clifford Lister – high blood pressure and type 2 diabetes

g. Darlene Lister – uterine cancer, rheumatoid arthritis, and high blood pressure

h. Alice Miller – high blood pressure, thyroid tumors and eczema

i. Robert (Bob) Miller – high blood pressure and skin cancer

j. David Owsley – atrial fibrillation, high blood pressure, and pancreatitis

k. Charlie Perry – high blood pressure, and stroke

l. Steve Reed – high blood pressure and diabetes

m. Cara Rogers – neuropathy

n. Victoria Troxler – breast cancer

o. Gene Walker – multiple sclerosis and diabetes

This the 28th day of January, 2022.

*[Signature]*

Gregory F. Van Tatenhove
United States District Judge