UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| MODERN HOLDINGS, LLC, *et al.*, | ) | |
| Plaintiffs | ) | Civil No. 5:13-cv-00405-GFVT |
| v. | ) | |
| CORNING, INC., *et al.*, | ) | **MEMORANDUM OPINION** |
| Defendants. | ) | **&** |
| | ) | **ORDER** |

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

This matter is before the Court on Defendant Philips Electronics North America Corporation's Motion for Reconsideration of the Court's March 9, 2022, Memorandum Opinion and Order regarding the Plaintiffs' expert Ranajit Sahu. [R. 575.] For the following reasons, Philips's motion will be DENIED.

**I**

On March 9, the Court issued a Memorandum Opinion and Order addressing the parties' ten pending motions to exclude. [R. 571.] As relevant here, the Court granted in part and denied in part Philips's motion to exclude Dr. Sahu's opinion. The Court found that the first sentence of Dr. Sahu's opinion discussing best practices should be excluded but denied the motion in all other respects. *Id.* at 13. On March 25, Philips filed its Motion for Partial Reconsideration of the Court's Memorandum Opinion and Order, arguing that "permitting Sahu to testify regarding 'good and standard industry practices' would be clear error based on Sahu's admission (and the Court's findings) that he intentionally chose to ignore the practices of the glass manufacturing

industry." [R. 575 at 2.] Philips also argues that by excluding the first sentence of Dr. Sahu's opinion, "Plaintiffs are left with no other definition of a standard of care to which Sahu's other opinions are tethered." *Id.* at 4. This matters, Philips argues, because Dr. Sahu's opinion is now devoid of a standard of care. *Id.*

In response, Plaintiffs argue that Philips's arguments are "simply a repackaging of prior arguments" and constitute "an impermissible attempt to re-litigate matters previously determined by the Court." [R. 579 at 2.] Plaintiffs specifically argue that Philips has failed to cite to any case or fact demonstrating clear error by the court and argue that the methodology Dr. Sahu used to define the standard of care is permissible. *Id.* at 3. Plaintiffs also argue that three days after Philips filed its motion, the Court addressed many of these same arguments and rejected them in a Memorandum Opinion and Order addressing Philips's Motions for Summary Judgment. [*See* R. 576 at 7–10.]

In reply, Philips acknowledges that the Court's recent opinion "brought the admissibility of Sahu's opinions into a bit more focus." [R. 583 at 3.] However, Philips contends that Plaintiffs "completely mischaracterize" their motion and argue that "if Sahu is not in a position to [opine about best practices] based on the fact that he intentionally ignored the very industry at issue in this case,' the same must be true of his ability to opine about 'good and standard industry practices' that Philips alleged[ly] violated." *Id.* at 2.

## II

### A

This Court has the authority under Federal Rule of Civil Procedure 54(b) and common law "to reconsider and modify interlocutory judgments any time before final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 Fed. App'x 949, 952 (6th Cir. 2004)

(citations omitted). The arguments that can be raised in a motion for reconsideration are limited. Generally, reconsideration is proper only in three circumstances: "when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Id.* at 959.

"[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). Furthermore, "[i]t is improper on a motion for reconsideration to 'ask the court to rethink what [it] ha[s] already thought through—rightly or wrongly.'" *Raden v. Martha Stewart Living Omnimedia, Inc.*, 2018 WL 460072, at *2 (E.D. Mich. Jan. 18, 2018) (quoting *Carter v. Robinson*, 211 F.R.D. 549, 550 (E.D. Mich. 2003)).

**B**

Here, Philips argues that "permitting Sahu to testify regarding 'good and standard industry practices' would be clear error." [R. 575.] After review, the Court finds that Philips's motion is without merit. First, Philips fails to provide any legal support for the proposition that permitting Dr. Sahu to testify as to good and standard industry practices constitutes clear error. While expert witnesses cannot "testify as to *legal* duties and standards of care," experts "can, and often do, testify as to industry customs, practices, and standards." *Wolfe v. Allstate Prop. & Cas. Ins. Co.*, 2012 WL 12929814, at *4 (M.D. Penn. July 23, 2012). This is precisely the opinion testimony the Court is permitting Dr. Sahu to make.

The Court also finds that the Memorandum Opinion and Order addressing Philips's motions for summary judgment, which was entered three days after the Motion for

Reconsideration at issue here, largely moots Philips's contentions. In the Opinion, the Court found that Dr. Sahu's opinions, other than those pertaining to "best available practices" were permissible because Dr. Sahu relied on industry standards, applicable regulations, and a form of benchmarking with similar industries in forming his opinion. [R. 576 at 10.]

As Philips correctly points out, the Court's "*see, e.g.*," citation in the Opinion particularly highlighted instances in which Dr. Sahu criticized Corning for their conduct instead of Philips. [*Id.*; R. 583 at 2.] However, a brief review of Dr. Sahu's expert report makes it abundantly clear that Dr. Sahu's opinion pertains to both Corning and Philips throughout. For example, Dr. Sahu pointed to the EPA's guidance regarding electrostatic precipitators and opined that (1) both Corning and Philips failed to "maintain its most critical pollution control in good working order," (2) Philips "waited decades to replace the unreliable and deteriorating ESP installed by Corning," and (3) the evidence fails to show that either "Philips or Corning trained its employees with respect to maintenance of the EP or that either company had a site-specific O&M program." [R. 483-1 at 31–32.]

Although Dr. Sahu did not tether his opinion to practices specifically within the glass manufacturing industry, Dr. Sahu conducted an appropriate form of benchmarking analysis with other, similar industries when crafting his opinion. [R. 576 at 10.] Dr. Sahu's opinion also accounts for such items as industry standards and applicable regulations. [*See, e.g.*, R. 483-1 at 53, 82–83.] Philips has failed to demonstrate that benchmarking, industry standards, and applicable regulations are inappropriate factors to consider when offering an opinion regarding good and standard practices.[1] While Dr. Sahu is not permitted to testify as to "best available

---

[1] Furthermore, to the extent Philips argues that Dr. Sahu undercuts his own credibility by agreeing with some portions of a scholarly article while disagreeing with others [R. 575 at 5], that argument is without merit. Philips

practices," he may opine as to good and standard industry practices and their application to the facts in this case.

Finally, although Dr. Sahu could have relied on other evidence in forming his opinions, "[a]n expert need not base [his] opinion on the best possible evidence, or the 'most ideal scientific evidence' in order for it to gain admissibility. Instead, the role of the Court is to ensure that expert testimony is based upon good grounds, based on what is known." *Little Hocking Water Ass'n, Inc. v. E.I. du Pont de Nemours and Co.*, 90 F. Supp. 3d 746, 770 (S.D. Ohio 2015) (citations omitted). To the extent Philips wishes to challenge the basis of Dr. Sahu's opinion, Philips may do so on cross examination and through presenting contrary evidence at trial. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596 (1993) ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."). Ultimately, this issue has already been decided, and the Court does not find it appropriate at this time to "rethink what [it] ha[s] already thought through." *Raden*, 2018 WL 460072, at *2.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** that Philips's Motion for Reconsideration **[R. 575]** is **DENIED**.

This the 14th day of July, 2022.

---

cites to no legal authority, and the Court is not aware of any, requiring an expert to agree with every statement within a publication before citing to some portion of that publication for support.

Gregory F. Van Tatenhove
United States District Judge

6