UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| MODERN HOLDINGS, LLC, *et al.*, | ) | |
| | ) | |
| Plaintiffs | ) | Civil No. 5:13-cv-00405-GFVT |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| CORNING, INC., *et al.*, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

***** ***** ***** *****

This matter is before the Court on the Defendants' Motion to Dismiss Kayelynn Ford Pittman's Claims under Rule 41(b) for failure to participate in the case. For the following reasons, the Defendants' motion is **DENIED**.

**I**

In November 2013, the Plaintiffs filed a putative class action against the Defendants, alleging that the Defendants released chemicals from a facility that caused damage to their properties. [R. 1.] After Plaintiff Rosetta Ford sold her property to Kayelynn Pittman, the Court replaced Ms. Ford with Ms. Pittman in this action. [R. 557.]

In 2022, the parties informed the Court of a pending settlement offer between the Plaintiffs and Defendant Corning. [R. 618.] The Court granted Ms. Pittman seven days to further consider whether to accept the offer and to notify her attorney. [R. 627.] Partly because Ms. Pittman sought "further review by a Danville lawyer," she did not. [R. 587; R. 637.] Counsel for Ms. Pittman then filed a motion to withdraw as her attorney. [R. 636.] The Court allowed Ms. Pittman's counsel to withdraw and ordered her to obtain new counsel within 30

days. [R. 653.] After failing to find new counsel, Ms. Pittman requested an additional 30 days, which the Court granted. [R. 689; R. 691.] Ms. Pittman failed to file anything within those additional 30 days. The Defendants now move to dismiss her claims for failure to prosecute. [R. 709.] Ms. Pittman responded, confirming that she could not find counsel and requesting to proceed *pro se*. [R. 711.]

## II

### A

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). This rule "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. Cit of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

A district court considers four factors when determining whether to dismiss a case under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Cornett v. Dobson*, 338 F.R.D. 97, 99 (E.D. Ky. 2021) (quoting *Shafer*, 529 F.3d at 736). The factors apply "more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal." *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 367 (6th Cir. 1997). Dismissal of a claim for failure to prosecute is a harsh sanction that is only appropriate in extreme situations showing a clear record of contumacious conduct by the plaintiff. *Wu v. T.W. Wang,*

*Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).  Contumacious conduct means "stubbornly disobedient and willfully contemptuous." *Harmon*, 110 F.3d at 368.  Put differently, "the court should ask, before choosing to dismiss the case: Did [the plaintiff] display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings?" *Cowley v. Prudential Sec., Inc.*, No. 21-1635, 2022 U.S. App. LEXIS 16630, at *6-7 (6th Cir. June 15, 2022) (quotation omitted).

**B**

After review, the Court finds that dismissal is inappropriate.  Under the first factor, although there is no indication that Ms. Pittman's failure to find counsel was driven by bad faith, she is nonetheless "at fault for failing to comply with the Court's Order." *Fitcheard v. Metro. Gov't of Nashville*, Civil Action No. 3:22-cv-638, 2022 U.S. Dist. LEXIS 207852, at *6 (M.D. Tenn. Nov. 16, 2022) (cleaned up).  Second, a defendant is prejudiced by a plaintiff's dilatory conduct if the defendant was "required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Harmon*, 110 F.3d at 368.  While the Defendants have certainly suffered a minor inconvenience by Ms. Pittman's delay, the Defendants fail to demonstrate prejudice beyond a mere postponement of the resolution of the matter. [*See* R. 709 at 4.]  Ms. Pittman's failure to comply with the Court's deadlines stems from her inability to find new counsel.  [R. 711-1 at 1.]  But she has responded to the Defendants' motion and resolved to litigate her claims herself.  *Id.*  Under the third factor, the Court finds that Ms. Pittman has not been sufficiently warned of the consequences of a lack of cooperation, having been warned only once when she did not notify the Court as to her settlement decision.  Fourth, holding a status conference to discuss this matter's resolution and imposing deadlines is more appropriate at this point than dismissal.

Although Ms. Pittman was at fault for failing to comply with the Court's orders and her failure delayed this matter's resolution, she has not been sufficiently warned about dismissal and less drastic action is more appropriate. Her conduct does not display either an intent to thwart judicial proceedings or a reckless disregard for the effect of her conduct on those proceedings. *See Cowley*, No. 21-1635, 2022 U.S. App. LEXIS 16630, at *6-7. As Ms. Pittman now intends to prosecute this case herself, the Court admonishes her that she must comply with the Court's orders and the District's local rules. She must not unreasonably delay in prosecuting her claims. The Court may dismiss her claims if she fails to do so.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Defendants' Motion to Dismiss Kayelynn Ford Pittman's Claims **[R. 709]** is **DENIED** and

2. This case is **REFERRED** to Magistrate Judge Edward B. Atkins for the purpose of conducting a status conference.

This the 17th day of April, 2023.

Gregory F. Van Tatenhove
United States District Judge