UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| MODERN HOLDINGS, LLC, *et al.*, | ) |
| Plaintiffs | ) Case No. 5:13-cv-00405-GFVT |
| v. | ) **MEMORANDUM OPINION** |
| | ) **&** |
| CORNING, INC., *et al.*, | ) **ORDER** |
| Defendants. | ) |

***** ***** ***** *****

This matter is before the Court on the Plaintiffs' motion to deny the Defendants' bill of costs and for alternative relief. [R. 708.] The Plaintiffs ask that the Court defer taxing costs until after the appeals process, reduce or deny costs, and assess any costs to the plaintiffs individually. [R. 708; R. 737.] For the following reasons, the Plaintiffs' requests are **DENIED**.

**I**

Plaintiffs Modern Holdings, Sellers and Sellers Company, Melvin Harris, Janet Mitchell, Brenda Carter, Wanda Beasley, and Donna Smith asserted nuisance, negligent trespass, and intentional trespass claims against Philips. [R. 700.] The jury returned a verdict for Philips. [R. 696.] Philips then asked the Court to order the Plaintiffs to pay its fees for transcripts obtained for use in the case. [R. 704.]

The Plaintiffs soon after filed a motion requesting four forms of relief: (1) a stay of the bill of costs until after the court resolves the motion for new trial, (2) leave for the Plaintiffs to file evidence of their inability to pay costs, (3) a denial of the bill of costs, and (4) a stay of the bill of costs pending appeal. [R. 708.] The Court stayed consideration of the bill of costs

pending resolution of the motion for new trial without deciding the Plaintiffs' other requests. [R. 710.]  After denying the motion for new trial, the Court granted the Plaintiffs leave to file evidence of their inability to pay costs. [R. 734.]  The Plaintiffs filed their evidence, Philips responded, and the remaining issues in the Plaintiffs' motion are ready for review. [R. 737; R. 743.]

## II

### A

The parties have each appealed decisions of this Court to the Sixth Circuit for review. [R. 735; R. 739.]  The Plaintiffs request the Court defer imposing any costs until the appellate process concludes. [R. 737 at 8.]  Courts routinely decline to stay the taxation of costs pending appeal.  *See, e.g.*, *Hyland v. HomeServices of Am., Inc.*, No. 3:05-CV-00612-TBR, 2013 U.S. Dist. LEXIS 64722, at *7 (W.D. Ky. May 6, 2013).

Indeed, it "is more efficient to rule on costs now rather than delay the decision until the appeal is resolved." *1704 Farmington, LLC v. City of Memphis*, No. 08-2171-STA-cgc, 2010 U.S. Dist. LEXIS 21497, at *5 (W.D. Tenn. Mar. 9, 2010).  An order for costs constitutes a final and appealable order from which a new appeal can be taken. *Jackson-El v. Van Ochten*, 927 F.2d 604 (6th Cir. 1991).  If the Court stays consideration of costs while the appeal proceeds, the Plaintiffs could file a second appeal and consume additional time and resources.  Therefore, a ruling on costs now avoids piecemeal litigation. *Cooley v. Lincoln Elec. Co.*, 776 F. Supp. 2d 511, 575 (N.D. Ohio 2011) (finding that immediately ruling on costs preserved judicial resources).

**B**

The Plaintiffs contend that the Court should deny Philips litigation costs. Unless rules provide or a court orders otherwise, costs "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). This creates a presumption in favor of awarding costs but allows denial of costs at the discretion of the court. *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). The rule is a response to situations where "although a litigant was the successful party, it would be inequitable under all the circumstances to put the burden of costs upon the losing party." *Lichter Found., Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir. 1959). The non-prevailing party bears the burden of overcoming the presumption favoring an award of costs. *Id.* Here, the Plaintiffs argue that the Court should deny or reduce costs to Philips because (1) Philips used improper litigation tactics, (2) there is a financial disparity between the Plaintiffs and Philips, (3) this was "a close case," and (4) the Court should allocate some costs to future cases. [R. 737.]

**Litigation tactics**. The Plaintiffs argue that costs should be denied because Philips used improper litigation tactics. A court may determine that the "prevailing party should be penalized for unnecessarily prolonging trial or for injecting unmeritorious issues. *White & White, Inc.*, 786 F.2d at 730 (citing *Nat'l Transformer Corp. v. Fr. Mfg. Co.*, 215 F.2d 343, 362 (6th Cir. 1954)). The Plaintiffs allege that Philips's tactics have been "nothing short of total warfare" because Philips filed numerous motions, was uncooperative during discovery, and extensively objected to the Plaintiffs' proposed exhibits. [R. 737 at 3.]

True, this case has been lengthy. But even though Philips filed numerous dispositive motions, the Court does not find that Philips unnecessarily prolonged trial or injected unmeritorious issues. Many of the motions were granted at least in part. [*See* R. 110; R. 346; R.

3

431; R. 559; R. 576.] Instead, the number of claims and parties in the case primarily delayed its conclusion. [*See* R. 311 (the Plaintiffs' Fifth Amended Complaint pleading seven class-action claims over the course of 134 pages).] The Plaintiffs also provide no citation to proof indicating Philips complicated the discovery process. Accordingly, the Plaintiffs fail to show that Philips's costs should be reduced because it used improper litigation tactics.

**Financial positions**. The Plaintiffs contend that "this Court should consider the financial disparity of the parties in considering Philips' request for an award of costs." [R. 737 at 5.] However, courts should not consider "the ability of the prevailing party to pay his or her costs." *White & White, Inc.*, 786 F.2d at 730. The Court may consider only whether the Plaintiffs are indigent and whether this overcomes the presumption in favor of a cost award. *See Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989). A party is indigent if the party "is incapable of paying the court-imposed costs at this time or in the future." *Tuggles v. Leroy-Somer, Inc.*, 328 F. Supp. 2d 840, 845 (W.D. Tenn. 2004). Courts also look at factors including severe debt, inability to acquire a job due to disability, and having dependents. *See Abdulsalaam v. Franklin Cnty. Bd. of Comm'rs*, No. 2:06-CV-413, 2012 U.S. Dist. LEXIS 40706 (S.D. Ohio Mar. 26, 2012); *Robinson v. City of N. Olmstead*, No. 193CV1203, 1997 U.S. Dist. LEXIS 17668 (N.D. Ohio May 12, 1997).

The Plaintiffs offer affidavits declaring that some of their yearly incomes are $87,030; $34,800; $65,760; $13,488; and $19,464 plus occasional hourly wages. [R. 737-1 at 1-2, 5-13.] The same Plaintiffs represent that their yearly expenses are $86,940; $24,000; $48,000; $36,000; and $18,000. *Id.* Ms. Mitchell, Ms. Beasley, and Ms. Smith state that they have no other assets. *Id.* at 5, 9, 11. The affidavits all provide that the declarants cannot pay the full $29,922 cost amount or $3,846—the cost amount when split between all plaintiffs. *Id.*

The Plaintiffs fail to show that they are "incapable of paying the court-imposed costs at this time or in the future." *Tuggles*, 328 F. Supp. 2d at 845. Using the incomes and expenses the Plaintiffs provide, the declarant Plaintiffs receive $7,602 more than they expend in a year. Moreover, Melvin Harris provided that he receives $30,000 a year and did not provide any estimate about his expenses. *Id.* at 3. The Sellers, Mr. Harris, and Ms. Carter provide no information about their assets. *Id.* at 1-4, 7. No plaintiff states that they have debt, dependents, or that they are unable to work. *Id.* at 1-13. Mr. Harris and Ms. Carter also suggest that their properties at issue in this litigation are held only as rental properties. *Id.* at 3, 7. Lastly, the Plaintiffs admit that Modern Holdings holds sufficient resources to pay costs. [R. 737 at 5.]

Considering the Plaintiffs' income, expenses, lack of other obligations, and admission that Modern Holdings is not indigent, the Court does not find that the Plaintiffs are incapable of paying Philips's requested $29,922 in costs. *See Frye v. Baptist Mem'l Hosp., Inc.*, 507 Fed. App'x 506, 508 (6th Cir. 2012) (allowing taxation of $55,401.63 in costs where party earned $75,000 per year and had approximately $3,190 in monthly expenses); *LaShaunna Banks v. Bosch Rexroth Corp.*, Civil Action No. 5: 12-345-DCR, 2014 U.S. Dist. LEXIS 122314, at *3 (E.D. Ky. Sep. 3, 2014) (not finding indigency where the plaintiff had zero income, was dependent on the government for healthcare, and had a car as her only substantial asset); *cf. Abdulsalaam*, 2012 U.S. Dist. LEXIS 40706 (finding three defendants indigent when they had total debt of $165,000.00, limited income, and one of the defendants had a minor child).

**Close case**. The Plaintiffs ask the Court to deny costs because this was a close case. [R. 737 at 4.] A court may deny costs where the case was "close and difficult." *United States Plywood Corp. v. Gen. Plywood Corp.*, 370 F.2d 500, 508 (6th Cir. 1966). However, courts may

also award costs even if they determine the case was close and difficult.  *McDonald v. Petree*, 409 F.3d 724, 732 (6th Cir. 2005).

This was not a close and difficult case.  The Sixth Circuit determines whether a case was close by looking to "the difficulty of discerning the law of the case" and the difficulty in analyzing the evidence.  *White & White, Inc.*, 786 F.2d at 732-33.  Difficult cases have included cases involving patent validity and complex antitrust issues.  *Id.*  In *White*, the antitrust trial lasted 80 days, required 43 witnesses, produced 800 exhibits, and generated nearly 15,000 pages of transcript.  *Id.*  In contrast, this trial lasted 12 days and the tort and statute of limitations issues were far less complex than those in patent validity or antitrust cases.  [*See* R. 696.]  In fact, the jury was able to return a verdict in under two hours.  [R. 700.]  Therefore, the Plaintiffs fail to show that the Court should deny or reduce costs because the case was close and difficult.

**Future cases**.  The Plaintiffs argue that the Court should reduce the cost award because the costs charged for deposition transcripts will be helpful to Philips's defense to the remaining claims in this matter.  [R. 737 at 6.]  In the only case the Plaintiffs cite, the court apportioned costs for transcripts among cases in which the litigants used the transcripts because the costs were "incurred in connection with more than one proceeding."  *Winter v. Novartis Pharm. Corp.*, 739 F.3d 405, 411 (8th Cir. 2014).  Here, the Plaintiffs do not allege that the transcripts were used to defend against other claims.  The Plaintiffs allege only that the transcripts might be at some point in the future.  [R. 737 at 6.]  Therefore, the Plaintiffs do not show the transcripts were "incurred in connection with more than one proceeding."  *Winter*, 739 F.3d at 411.  What's more, the Plaintiffs do not establish that Philips even could use the transcripts in a future proceeding.  As Philips explains, the proof focused on the Plaintiffs' knowledge and properties.  [R. 743 at 7.]  Thus, each side would likely have to re-depose each side's witnesses.

## C

Where there are multiple non-prevailing parties, "courts presume that each non-prevailing party is jointly and severally liable, 'unless it is clear that one or more of the losing parties is responsible for a disproportionate share of the costs.'" *Smith v. Joy Techs., Inc.*, No. 11-270-ART, 2015 U.S. Dist. LEXIS 12275, at *21 (E.D. Ky. Feb. 2, 2015) (quoting *Anderson v. Griffin*, 397 F.3d 515, 523 (7th Cir. 2005)). Indeed, imposing individual liability "would be inconsistent with the presumption embodied in" the rule "that a prevailing party is entitled to recover all of its costs." *Singleton v. Select Specialty Hosp.-Lexington, Inc.*, Civil Action No. 5:07-230-JMH, 2009 U.S. Dist. LEXIS 48891, at *8 (E.D. Ky. June 10, 2009) (quoting *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 497 (8th Cir. 2002)). The burden is on the losing party to persuade the Court to apportion the costs. *See In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 469 (3d Cir. 2000).

The Plaintiffs do not allege that one of them is responsible for a disproportionate share of the costs. Rather, they contend that the individual plaintiffs do not have sufficient resources to pay their share of the costs, and the "net result will be to shift the entire bill onto the only corporate plaintiff." [R. 737 at 7.] In effect, the Plaintiffs' request indicates an expectation that they will not pay the taxed costs if the Court imposes individual liability. This is inconsistent with the presumption embodied in the rule that "a prevailing party is entitled to recover all of its costs." *Singleton*, 2009 U.S. Dist. LEXIS 48891, at *8. Instead, the Plaintiffs should allocate the costs among themselves and any party satisfying the judgment may seek contribution from the others. *See id.* at *9.

## III

Accordingly, and the Court being sufficiently advised, the Plaintiffs' motion to deny the Defendants' bill of costs and for alternative relief [**R. 708**] is **DENIED**.

This the 7th day of August, 2023.

Gregory F. Van Tatenhove
United States District Judge